[Civ. No. 1060.    Third Appellate District.—February 10, 1913.]

ANNIE SIMPSON, Appellant v. JOHN SIMPSON, Respondent.

DIVORCE—JUDGMENT FOR MAINTENANCE OF WIFE—EFFECT OF SUBSEQUENT JUDGMENT GRANTING HUSBAND DIVORCE.—Where in an action for divorce instituted by the wife a judgment was rendered in favor of the wife directing the husband to pay her a specified sum per month, beginning with the rendition of the judgment until the further order of the court, and further sums by way of counsel fees and costs, and thereafter another judgment was rendered in the same action, decreeing a dissolution of the marriage and that the wife take nothing by the action, and no appeal was taken from either judgment, the second judgment had no effect upon the prior judgment except to put an end to its future operation.

ID.—ACTION TO ENFORCE PRIOR JUDGMENT—STATUTE OF LIMITATIONS.— The statute of limitations commenced to run against the right of the wife to enforce the prior judgment for maintenance from the date of its rendition, certainly no later than the date of the second judgment, and any action brought upon it was barred in five years, by subdivision 1 of section 336 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Frank Schilling, for Appellant.

T. J. Crowley, for Respondent.

CHIPMAN, P. J.—On September 24, 1910, plaintiff filed her complaint to enforce payment of a judgment entered, on February 12, 1903, in an action as above entitled, which it is alleged and admitted, was never appealed from and that no part of the judgment has been paid. This judgment reads as follows:

"In the Superior Court of the City and County of San Francisco, State of California.

"Annie Simpson, Plaintiff, vs. John Simpson, Defendant. Decree of Maintenance.

"This cause coming on regularly to be heard on the 12th day of February, 1903, upon the complaint on file herein, defendant having failed to appear and answer in said action, and the default of the defendant for not answering having been duly entered and upon proofs taken orally in open court, from which it appears that all of the allegations of the complaint are sustained by testimony free from all legal exceptions as to its competency, admissibility and sufficiency; and it also appearing to the said court that said defendant was duly and regularly served with summons and complaint herein, and all and singular the law and the premises being by the court here understood and considered.

"Wherefore, it is ordered, adjudged and decreed and the court does order, adjudge and decree, that John Simpson, the defendant herein pay to Annie Simpson, plaintiff herein, the sum of twenty-five ($25.00) per month, beginning from the rendition of this judgment until the further order of this court; the further sum of fifty ($50.00) dollars counsel fees and costs of suit in the amount of $44.75.

        J. C. B. HEBBARD, Judge of the Superior Court.

"Dated this 12th day of February, 1903.

"Indorsed: Filed February 12, 1903. Albert B. Mahony, Clerk, by F. J. Dugan, Deputy Clerk.

"Co. Clerk F. No. 15.

"I, Albert B. Mahony County Clerk of the City and County of San Francisco, State of California, and *ex-officio* Clerk of the Superior Court, in and for said City and County, hereby certify the foregoing to be a full, true and correct copy of the original Decree of Maintenance in the above entitled cause, filed in my office on the 12th day of February, A. D. 1903.

"Attest my hand and seal of said court, this 12th day of February, 1903.    Albert B. Mahony, Clerk, by A. S. Levy, Deputy Clerk.

"Indorsed on back: No. 82991.    Department 4.    Superior Court, State of California, City and County of San Francisco.    Annie Simpson, Plaintiff, vs. John Simpson, Defendant.

"Certified copy Decree of Maintenance."

Defendant answered and, by way of defense, pleaded the following judgment which it is alleged and is admitted, was never appealed from:

"In the Superior Court in and for the City and County of San Francisco, State of California.

"Annie Simpson, Plaintiff, vs. John Simpson, Defendant.

"This cause having been brought on to be heard this 20th day of April, 1903, upon the complaint of plaintiff, and the answer and cross-complaint of defendant and answer thereto and the cause having been submitted to the court upon the evidence taken, and the court having made and filed its decision in writing therein; Now therefore,

"In accordance with said decision, upon motion of Messrs, Garoutte & Goodwin, counsel for defendant, it is ordered, adjudged and decreed that the plaintiff take nothing by her said action.

"It is further ordered, adjudged and decreed that the marriage between the said plaintiff, Annie Simpson, and the said defendant, John Simpson, be dissolved, and the same is duly dissolved accordingly, and the said parties are, and each of them is freed and absolutely released from the bonds of matrimony and all the obligations thereof.

J. C. B. Hebbard, Judge.

"Dated this 25th day of April, 1903.

"Co. Clerk F. No. 15.

"I, Albert B. Mahony, County Clerk of the City and County of San Francisco, State of California, and *ex-officio* Clerk of the Superior Court, in and for said City and County, hereby certify the foregoing to be a full, true and correct copy of the original Decree of Divorce in the above entitled cause, filed in my office on the 25th day of April, A. D. 1903.

"Attest my hand and seal of said court, this 20th day of May, 1903. Albert B. Mahony, Clerk by F. J. Dugan, Deputy Clerk.

"Indorsed on back: 82991. In the Superior Court of the City and County of San Francisco, State of California. Annie Simpson, Plt., vs. John Simpson, Deft. Certified copy of Decree of Divorce. Garoutte & Goodwin, Attorneys at Law. Mutual Savings Bank Building, 708 Market St., San Francisco. Telephone Bush 762."

These judgments were admitted in evidence and constitute all the evidence in the case except as above stated. The court made the following findings:

"1. That on the 12th day of February, 1903, this court department No. Four thereof, in that certain action then pending therein and numbered 82991, wherein this plaintiff was the plaintiff, and the defendant here was defendant therein, made a Decree of Maintenance, requiring the defendant to pay to plaintiff the sum of Twenty-five dollars per month beginning on said date and until the further order of this court, and the further sum of fifty dollars counsel fees, and forty-four 75-100 dollars costs of suit.

"2. That thereafter, and on the 25th day of April, 1903, this court, department No. Four thereof, in that certain action then pending therein and numbered 82991, wherein this plaintiff was the plaintiff, and the defendant here was the defendant therein, made a decree adjudging that the plaintiff take nothing by her said action, and ordering, adjudging and decreeing that the marriage between the said plaintiff and the said defendant be dissolved, and the said parties there and each of them was released from the bonds of matrimony and all the obligations thereof."

As conclusions of law the court found that plaintiff's prayer for relief should be denied and that defendant is entitled to judgment in his favor and judgment was accordingly entered, from which plaintiff appeals.

It will be observed that the title of the cause in both decrees of 1903 is the same; the court and number of the department and number of the action are the same and the same judge entered the decrees. The decree of divorce followed the decree for maintenance two months and was entered on an answer to plaintiff's complaint and defendant's cross-complaint and answer to the cross-complaint. We think it sufficiently appeared that both decrees were entered in the same action.

Appellant claims that the final decree of divorce had no effect upon the decree for maintenance and that the liability thereby created is a valid subsisting indebtedness of defendant and plaintiff should have had judgment for the full amount mentioned in the decree.

Defendant pleaded the statute of limitation, subdivision 1, section 336 of the Code of Civil Procedure. No finding was made on this issue and respondent makes no reference to it in his brief. Respondent contends that "there can be no doubt but that the default decree of maintenance was set aside and defendant permitted to file his answer and cross-complaint, to which cross-complaint plaintiff made answer, and the case tried, resulting in a decree denying plaintiff relief, and granting a decree of divorce upon the cross-complaint."

We cannot doubt that defendant's default was set aside and leave given him to answer. The subsequent decree, two months later, on his cross-complaint and the answer thereto cannot be construed as meaning anything less. But it does not follow that the decree for support or alimony *pendente lite,* or, as the counsel claims it was, "for maintenance," was set aside. We do not know whether plaintiff's action was for maintenance without divorce, under section 137 of the Civil Code, or was for a divorce under the same section, and support *pendente lite.* We have nothing to guide us but the two decrees. If the action was for divorce and for support the allowance, strictly speaking, was for alimony and, though the application for alimony cannot be considered a separate suit, it "is a proceeding for a separate judgment which, when granted, has nothing to do with the final judgment in the case, and will not be affected by it." (*Hite* v. *Hite* 124 Cal. 389, [71 Am. St. Rep. 82, 45 L. R. A. 793, 57 Pac. 227]; *Sharon*

v. *Sharon,* 75 Cal. 1, [16 Pac. 345].) It was held, in *Ex parte Spencer,* 83 Cal. 460, [17 Am. St. Rep. 266, 23 Pac. 395], that the legislature used the term "alimony" in the statute in its strict legal sense when prescribing the provision which the court might make for the support of the wife *pendente lite.* And alimony in that sense proceeds only from husband to wife without which relation there can be no alimony. In the same case it was pointed out that allowance made to the wife after decree of divorce should be called "allowance" or "permanent allowance" and not alimony. When the wife has a cause for divorce she may, without applying for divorce, have an action for "support and maintenance" (Civ. Code, sec. 137) but this right also rests on the fact that the relation of husband and wife exists and a decree awarding such maintenance contemplates the existence of the marital relation not only when the decree is made but during its life. If the wife or husband should thereafter bring an action for divorce the decree in that action would be conclusive of the rights of the parties and "if it contained no provision for support it would necessarily terminate the allowance theretofore made in the action." In the case here the decree of divorce expressly declares "that the plaintiff take nothing by her said action . . . and the said parties are, and each of them is freed and absolutely released from the bonds of matrimony and all the obligations thereof." Inasmuch as the decree of maintenance was made in the same action and was dependent upon the existence of the marriage relation it must follow that, upon the terminaion of that relation, the allowance would cease especially as the divorce decree expressly declared that plaintiff should take nothing by her action. In *Smith* v. *Superior Court,* 136 Cal. 17, [68 Pac. 100], the court said: "It is conceded that a complete divorce will relieve petitioner from the judgment for alimony because the plaintiff in the first suit would no longer be his wife." In that case, however, the principle did not apply because an appeal was pending from the divorce decree, the effect of which was, as declared by the court, that "these parties are not divorced." No appeal having been taken in the present case from the divorce decree its effect was to relieve defendant from the judgment for future support. "After the judgment granting the divorce the plain-

tiff was no longer the wife of defendant, and he owed her no longer any marital duty.'' (*Howell* v. *Howell,* 104 Cal. 45, [43 Am. St. Rep. 70, 37 Pac. 770], and see *Harlan* v. *Harlan,* 154 Cal. 341, [98 Pac. 32], for review of the cases.)

But when the decree of divorce was entered in the present case there was a judgment for maintenance, counsel fees, and costs from which no appeal had then been taken nor was at any time taken. The final decree had no effect upon that judgment (cases *supra*) except to put an end to its future operation. Had the divorce decree recited that the maintenance judgment was set aside or if such was the necessary effect of the language used in the divorce decree, we think respondent's contention might be sustained. But the application for maintenance being a separate proceeding in the case and the judgment appealable (*Sharon* v. *Sharon,* 75 Cal. 1, [16 Pac. 345]; *Hite* v. *Hite,* 124 Cal. 389, [71 Am. St. Rep. 82, 45 L. R. A. 793, 57 Pac. 227]) we cannot give to the divorce decree the force contended for, to wit, that the maintenance decree was set aside, since it is entirely consistent with the language of the divorce decree that the maintenance decree remained undisturbed. In adjudging "that plaintiff take nothing by her said action," we think is meant that plaintiff was to have no relief in the future. Plaintiff would, therefore, be entitled to judgment for the allowance given up to the date of the decree of divorce and counsel fees and costs in her judgment mentioned. If we could say with certainty that plaintiff's action was for maintenance alone we might with some safety assume that the default judgment as well as the default for nonappearance was set aside and that the issue of maintenance was again heard. But her action may have been for divorce and judgment for maintenance or alimony may have been given *pendente lite,* in which case defendant's answer may have been to her alleged grounds for divorce. In that case the divorce decree would not be inconsistent with the maintenance judgment and should not be given the effect of setting aside that judgment. No explanation is given for not bringing up the pleadings in that action or the order of the court in setting aside defendant's default except it was stated at the argument that all the court records were destroyed in 1906, each party happening to preserve the copies of the several decrees. Before defendant in the present ac-

tion should be permitted to evade the effectiveness of plaintiff's judgment pleaded there should be something more than vague and uncertain implications drawn from his decree of divorce.

We conclude that plaintiff's judgment for maintenance had vitality undisturbed up to the date of the divorce decree but had no operative effect for maintenance beyond that date. The statute of limitations began to run against that judgment on February 12, 1903, certainly no later than April 20, 1903, and any action brought upon it was barred in five years by subdivision 1 of section 336 of the Code of Civil Procedure. This action was commenced September 24, 1910, and is barred by that section. But as there is no finding on that issue the judgment must be reversed, and it is so ordered.

Hart, J., and Burnett, J., concurred.