[L. A. No. 3977. In Bank.—December 31, 1917.]

## EFFIE G. McCALEB, Appellant, v. WILLIAM H. McCALEB, Respondent.

DIVORCE — JUDGMENT — EFFECT OF JUDGMENT ON PREVIOUS ORDER FOR TEMPORARY ALIMONY.—A judgment determining the rights, under the pleadings, of parties to an action for divorce, terminates the life of an order for temporary alimony.

ID.—ALIMONY PENDENTE LITE—EFFECT OF VACATING OF JUDGMENT AND ENTRY OF NEW JUDGMENT—MOTION FOR EXECUTION.—Where, in an action by a wife for divorce, the court made an order for alimony *pendente lite*, and on trial of the cause gave judgment against her on the merits, and provided, as a part of the judgment, that the alimony be discontinued, and this judgment was afterward vacated on motion on the findings under section 663 of the Code of Civil Procedure, and a different judgment entered on the same findings, omitting all reference to alimony, and still later a motion for new trial was granted, by which this second judgment was set aside, and, later, on the new trial, judgment (the third in the action) was given against the plaintiff, a motion by the plaintiff for the issuance of an execution for the collection of alimony, claimed as having accrued under the original order for alimony *pendente lite* between the date of the first judgment and the third judgment, was properly denied, the vacation of the first judgment which expressly discontinued alimony and the entry of the second judgment on the same findings, silent as to alimony, not constituting an implied revivor of the alimony order.

ID.—TERMINATION OF ALIMONY PENDENTE LITE—JUDGMENT ON MERITS. An order for payment of alimony "while this action is pending" does not continue in force after a judgment on the merits, which is silent on the subject, until the action is finally determined by a final decision on appeal or the expiration of the time therefor.

ID.—FORM OF JUDGMENT—DUTY OF CLERK.—The order discontinuing the alimony made when announcing the decision should have been entered at once in the minutes as an order, and should not have been made a part of the judgment subsequently entered denying the divorce.

APPEAL from an order of the Superior Court of Santa Barbara County. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, and Eugene W. Squier, for Appellant.

Benjamin F. Thomas, for Respondent.

SHAW, J.—On September 29, 1910, the court below duly made an order in this action requiring the defendant to pay to the plaintiff "in advance, as alimony while this action is pending, the sum of ten dollars a week commencing on the date hereof, to enable said plaintiff to support herself."

The cause was tried in November, 1910, and on December 27, 1910, the court rendered its judgment denying the plaintiff's prayer for divorce and for the custody of the children, and declaring "that the allowance of ten dollars per week to said plaintiff for alimony *pendente lite* be and the same is hereby discontinued from the date of the announcement of this decision from the bench, to wit: December 27, 1910."

For some unexplained reason this judgment was not entered until January 27, 1912. Proceedings by motion were then immediately begun by the plaintiff, apparently under section 663 of the Code of Civil Procedure, to vacate this judgment and enter upon the findings another and different judgment, particularly a different judgment regarding the custody of the children and discontinuance of the alimony. This motion was denied as to the custody of the children and granted as to the discontinuance of the alimony, and thereupon the previous judgment was set aside and another judgment was entered precisely in the words of the first judgment, except that the above-quoted passage declaring that the allowance for alimony be discontinued was entirely omitted. This second judgment was entered on March 27, 1912. Thus, as finally entered, the judgment was silent on the subject of alimony and maintenance.

Plaintiff then instituted proceedings for a new trial of the cause, in pursuance whereof, on March 26, 1913, her motion for new trial was granted. No new or additional order relating to alimony was made. There was another trial in July or August, 1913, upon which another judgment against the plaintiff was made and entered. Thereupon she moved the court for an order directing the issuance of an execution for the collection of the alimony which she claimed had accrued under the original order from January 22, 1912, to July 21, 1913, a period of 79 weeks, including the week beginning on

the last-named date, and amounting to $790. It is not claimed that any payments were made thereon during that period. This motion was denied on April 18, 1914, whereupon the present appeal was taken from the order denying the same.

The plaintiff contends that the order for alimony, by its terms, was to continue in force after the judgment on the merits until all proceedings for new trial or appeal were disposed of by a final decision on appeal; or by the expiration of the time for appeal or motion, if no appeal were taken and no proceeding for such motion were instituted. This, it is claimed, is the effect of the words "while this action is pending," inserted in the order.

The usual purpose of an order of this character is to make provision for the wife's support until the decision of the cause on the merits. Upon the trial on the merits the court will receive full knowledge of the condition, abilities, and circumstances of the respective parties, and may then advisedly adjudge what is lawful and just to each of them with respect to the right to the divorce and the right of the wife to alimony, if a divorce is granted, or to maintenance if a divorce is denied. Such final adjudication is the ultimate object of the action, and it is for that purpose that the trial is had. It is, therefore, to be presumed that the court will terminate the case and the litigation, after hearing the evidence, by the proper judgment disposing of all matters in controversy and directly or indirectly put in issue. It is within the power of the court to reserve the question of property and alimony for further consideration after the entry of a judgment for divorce, and if it orders the payment at stated periods of sums of money as permanent alimony to the wife, it may thereafter, under the code, modify such order. (Civ. Code, secs. 137, 139.) But if no express reservation of the question of alimony is made and the judgment is silent on the subject, it will be presumed that the matter has been determined and, in legal effect, it will be a judgment denying the wife's application for alimony and terminating all right thereto. In *Howell* v. *Howell,* 104 Cal. 47, [43 Am. St. Rep. 70, 37 Pac. 770], a decree of divorce was made in favor of the wife and giving to her the community property but not mentioning alimony. The complaint contained no allegations concerning alimony and no prayer therefor. Thereafter she applied for an order in the action requiring the husband to pay her ali-

mony.  This court decided that this could not be allowed, saying that section 139 of the Civil Code "clearly contemplates that the right to alimony, as well as other financial and property rights, shall have been presented and litigated in the action for divorce and established by the judgment."  It was therefore held that the court had no jurisdiction to entertain such subsequent application for alimony and that the right to alimony was litigated and concluded by the judgment.  If this would be true where the complaint did not ask for alimony, the presumption would be stronger in a case like the present, where alimony was asked and the judgment does not award any, nor reserve the question, but is silent on the subject.

The judgment of January 27, 1912, declared that the divorce should be denied and that the allowance for alimony *pendente lite* should be discontinued.  It made no provision for maintenance, as might have been done under section 136 of the Civil Code.  Under the rule above stated, this ended the right of the wife to maintenance, by reason of its silence on the subject.  In express terms it ended all right under the order for temporary alimony, and by its legal effect it concluded the plaintiff with regard to any claim for permanent alimony.

Plaintiff claims that the vacation of that judgment and the entry of the second judgment on the same findings, which judgment omitted the statement that the alimony *pendente lite* be discontinued, leaving the judgment wholly silent both as to alimony and maintenance, constituted an implied revivor of the alimony order.  The argument is that the court struck out the order discontinuing the alimony because it was of the opinion that the plaintiff should continue to receive alimony notwithstanding the final judgment against her on the merits, believing that the original order would remain in force after the final judgment.  But if the court was so minded, its opinion to that effect was not expressed and the imputed intent is inconsistent with the judgment as entered, which, as we have shown, constituted a final determination of all rights in controversy, including the right of the plaintiff to alimony or maintenance.  The judgment is presumed to be intended to end the controversy in that court, and to speak with reference to that object; it is no part of the function of an ordinary

judgment to make provision for a continuation of the litiga-
tion. If that is within the contemplation of the *nisi prius*
court, it should give voice to its design by express words on
the subject. It is as reasonable an interpretation of the
court's action to conclude that it was advised of the effect of
the doctrine followed in *Howell* v. *Howell, supra,* and con-
cluded that the judgment on the merits would terminate the
right of the wife to alimony without any express language to
that effect and that the order for temporary alimony would
be merged in the final judgment on the merits.

Under a proper method of entering the proceedings, orders,
and judgments of a court of record, the order discontinuing
the order for alimony *pendente lite* should not have been a
part of the judgment of January 27, 1912. That order was
made, as the judgment as first entered shows, on December
27, 1910, at the time the *decision* was announced from the
bench. It was then intended as an order to take effect at once
and before the entry of judgment. The proper place for the
entry of such an order was on the minutes of the court, not
in the judgment. As we have seen, the mere silence of the
judgment would in effect thenceforth terminate the original
order for alimony. A previous termination thereof should
regularly have been shown by entry on the minutes. The rec-
ord before us does not include the minutes of the proceedings
at the time the decision was announced, and hence we are not
advised whether they contain such order or not. The entry
thereof in the judgment, being in terms retroactive, operated
to discontinue the order from and after December 27, 1910,
in the same manner as if a minute order had been made at
that date. It was equivalent to a vacation of the original
order, which neither the amended judgment nor the order for
a new trial would, by implication, revive.

The conclusions heretofore stated need cause no hardship
to the wife. If she desires to press her cause further by
motion for a new trial, or by appeal, she alone will know it,
and the court will be open to her to apply at once for a new
order for alimony for her support during the subsequent pro-
ceedings. The court cannot foresee the future course of the
parties. If alimony for her support during such continuation
of the litigation by her, or expense money therefor, is neces-
sary, the better policy would be to require her to ask for

orders requiring the husband to furnish her with the money required for such purposes.

On the other hand, if we should hold that a temporary order of that nature continues in force after a final judgment which is silent on the subject, until the action is finally determined, as provided in section 1049 of the Code of Civil Procedure, by a final decision on appeal or the expiration of the time therefor, complications would necessarily arise. The court, as we have stated, could not foresee that the defeated wife or a defeated husband would pursue the action further. The right to an appeal does not expire, under the present statute, for sixty days. Under the statute as it existed at the time the provisions concerning temporary and permanent alimony were enacted, the period of appeal was one year. The intention of the lawmakers must be considered upon the theory that this prolonged time for appeal was in existence and in their minds when framing the provisions for temporary alimony. It is unreasonable to suppose that it was intended that a husband should continue to pay temporary alimony upon an order of this character for one year after a final judgment had been rendered in his favor denying all relief to the wife, upon the theory that she may, before the end of that period, take an appeal, or that the design was that she should have the right to temporary alimony for one year after final judgment if she failed to appeal and after all her rights were adjudicated. The general theory of the law is that the rights of the parties are determined with the final judgment and that all preliminary proceedings are merged therein, unless expressly reserved by some provision in the judgment itself. Interlocutory injunctions cease upon the entry of the judgment on the merits. No one would suppose that a right of this character would continue during the period of appeal from the judgment on the merits deciding that no basis for such right existed. If the theory of the plaintiff is correct, defendant would be subject to punishment for contempt if, after judgment on the merits, he failed to make the payments provided for in an order for temporary alimony made at the beginning of the action. The pendency of the action provided for in section 1049 is not for all purposes. For the purpose of execution it is final at once and the judgment may at once be enforced, unless stayed by special order or by appeal. It is not pending for the purpose of continuing in force provisional orders *pendente lite.*

The same reasons of policy apply to such a case where the wife, after judgment against her, succeeds in obtaining an order from the trial court granting her a new trial. The court will generally be more fully advised then as to the needs and abilities of the parties than it could have been at the time of making the original order at the beginning of the action. In the interval between the judgment and the order granting a new trial, no alimony will be payable under the original order. If the order for a new trial revives it, the result, unless some special order to the contrary is made, will be that it will have been in force during the interval and the husband will have been delinquent without being aware of it, which may cause hardship to him. A new application should therefore be required in such a case, and the court may then adjust the matter in the light of its added knowledge on the subject. Thus hardship or injustice to either party will be the better avoided. One who is ordered by a court to pay money to another, on pain of imprisonment if he fails, is entitled to a formal expression by the court of such order, stated clearly enough to enable a person of ordinary intelligence to know what he is to do. He should not be obliged to resort to inferences or implication to ascertain a duty or obligation of that character.

Our conclusion is that the judgment of March 27, 1912, determining the rights of the parties under the pleadings in the case without mentioning the subject of maintenance or alimony or reserving the same for further disposition, terminated the life of the original order for temporary alimony and justified the court in denying the plaintiff's motion. If the plaintiff desired or needed further support, she should have renewed her application therefor by notice and motion.

The order is affirmed.

Sloss, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.