[L. A. No. 4474.   Department Two.—November 19, 1918.]

## ROBERT C. HENSLEY, Respondent, v. ANNIE E. HENSLEY, Appellant.

DIVORCE—CONTRACT FOR PROPERTY SETTLEMENT—CROSS-COMPLAINT FOR CANCELLATION — NONSUIT — INSUFFICIENT EVIDENCE.—In an action by a husband for divorce in which the wife by answer denied the allegations of the complaint and by cross-complaint asked for a divorce and for rescission of an agreement by which the property rights of the parties had theretofore been settled out of court, the grounds for rescission being alleged fraud in the procurement of the contract, where the evidence was insufficient to support a judgment for cross-complainant, the court properly granted a motion for nonsuit as to the alleged cause of action for cancellation of the agreement.

ID.—PROPERTY SETTLEMENTS FAVORED.—Property settlements between husband and wife, when there is no fraud, are highly favored in law.

ID.—FRAUD — CONFIDENTIAL RELATIONS — BURDEN OF PROOF.—Where a husband and wife had been living apart for years, were in hostility, as evidenced by a maintenance suit brought by the wife, and a settlement of the maintenance suit was conducted through the agents of the parties, there being, therefore, no chance for personal influence to be exercised by the husband upon the wife in arriving at the settlement, there was no presumption of confidential relations, and the burden of proving fraud in the settlement was upon the wife.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. H. T. Dewhirst, Judge.   Affirmed.

The facts are stated in the opinion of the court.

H. H. Chase, and A. H. Davis, for Appellant.

Byron Waters, and Holcomb & Coy, for Respondent.

MELVIN, J.—Robert C. Hensley brought an action for divorce against Annie E. Hensley.   She answered, denying the allegations of the complaint, and by cross-complaint she asked for a divorce from her husband on the grounds of desertion, cruelty, and nonsupport, and prayed for the re-

scission of a certain agreement by which the property matters had been settled out of court about a year before the complaint was filed. By stipulation the allegations of the cross-complaint were deemed denied.

At the close of defendant's evidence on her cross-complaint, plaintiff moved for a nonsuit as to cross-complainant's cause of action for cancellation of the agreement between the parties. This motion was granted. Upon the merits of the divorce case the defendant and cross-complainant prevailed. There was also an order requiring plaintiff to pay a certain sum, monthly, for the support of the minor child of the parties to the action. Defendant and cross-complainant appeals, however, from the judgment of nonsuit and from an order denying her motion for a new trial.

The plaintiff and defendant were married in 1907. In September, 1910, Hensley left his wife and went to Canada. He had sold some property in Oregon for about thirty thousand dollars. Mrs. Hensley had employed counsel to represent her and there had been some investigation on the part of these gentlemen relative to Mr. Hensley's financial affairs. In August, 1912, Mr. Davis, one of Mrs. Hensley's counsel, wrote to his associate in the matter, Mr. H. H. Chase, of San Bernardino, advising him that Hensley had sold the ranch at Ashland, Oregon, for thirty thousand dollars, together with all the furniture and household effects. In a later letter written during the same month to the same correspondent there was information to the effect that Hensley had bought property, placing it in the names of his children. Mr. Davis also wrote that he was quite certain that Hensley had money invested in business with a son in Calgary, Alberta, Canada. Later, Mr. Davis wrote again stating that Hensley was worth thirty-two thousand dollars when he left Oregon.

On October 10, 1912, Mrs. Hensley filed a suit for separate maintenance. In her verified complaint it was alleged that Hensley had thirty-one thousand dollars in his pocket when he left Oregon and went to Canada. She also averred in that pleading that her husband owned an equity of ten thousand five hundred dollars in real estate near Colton, California, standing in the name of his son, and that he had "more than twenty thousand dollars in other property," the location and manner of investment being unknown to her. Before the filing of Hensley's answer in the suit for maintenance there

was further correspondence between Mrs. Hensley's attorneys regarding the amount of money Hensley was known to have possessed and the terms upon which Mrs. Hensley would settle.

On January 4, 1913, Hensley filed his answer, denying the ownership of any equity in the property standing in his son's name in California, admitting that he took twenty-eight thousand dollars to Canada, and averring that he had divided this sum with his children, retaining one-quarter for himself. Regarding his financial ability he alleged that "the only property owned by the defendant, Robert C. Hensley, consists of the claims for money loaned by him to his said son and daughter, amounting to about four thousand five hundred dollars on open account the exact amount of which is unknown to this defendant."

Following the filing of the answer in the suit for maintenance, negotiations for a settlement were prosecuted, and in April, 1913, the contract which Mrs. Hensley sought to have set aside in the case at bar was executed. It recited the pending litigation, and Mrs. Hensley agreed to take five thousand dollars in settlement of all claims. The sum of two thousand dollars was paid at the time and three promissory notes were executed by Mr. Hensley payable to his wife. It was agreed that except for the payment of these notes neither party should ever have any claim against the other for support, alimony, maintenance, or for any other purpose whatever. It was further covenanted that upon payment of the notes Mrs. Hensley would dismiss the suit for maintenance pending in the superior court of San Bernardino County. The contract was subsequently fully executed, and in her bill praying for rescission Mrs. Hensley offered to restore land of the value of three thousand dollars, which she declared was all the property remaining of the five thousand dollars received from her husband.

Appellant's first contention is that she established a *prima facie* case of fraud in the procurement of the contract of settlement and that, therefore, the court was bound to put the cross-defendant upon proof of his good faith in that transaction. It is to be remembered, however, that this case was tried without a jury. If the evidence was insufficient to support a judgment for cross-complainant, the court properly granted the motion. (*Downing* v. *Murray,* 113 Cal. 455–463,

[45 Pac. 869]; *Estate of Dole*, 147 Cal. 188, [81 Pac. 534].)
We must, then, examine the testimony with a view to deter-
mining whether or not the court's order amounted to an
abuse of discretion. We have made such examination and
are convinced that there was no such abuse.

Property settlements between husband and wife, when
there is no fraud, are highly favored in the law. In *McClure*
v. *McClure*, 100 Cal. 339, 343, [34 Pac. 822], the court quoted
with approval a paragraph from Doctor Wharton's work on
Contracts, a part of which is as follows: "The rule is pe-
culiarly applicable in family settlements, where right and
wrong on both sides are so often dependent on feeling; in
which case the courts, unless there be an imposition, will not
undertake to weigh actual gain or loss." (See, also, *Snow-
ball* v. *Snowball*, 164 Cal. 476, [129 Pac. 784].)

It is true that appellant testified to a belief in and reliance
upon the allegations in the verified pleading and an affidavit
used in the suit for maintenance that Mr. Hensley was worth
less than five thousand dollars. But she testified upon cross-
examination that she had been advised by her counsel that
the transfers of property to Hensley's children could be set
aside. She said, among other things: "When the matter of
settlement came up and during the negotiations I knew of
the actual situation, and that the money had been invested
in the name of the children." She also stated that when
she learned in the fall or winter of 1913 that the property
had been reconveyed to her husband, she again employed
Mr. Davis. Yet she took no steps to set aside the contract
until after the filing of his complaint in the action for divorce
in the following year. We cannot say, therefore, that the
court was not justified in believing that Mrs. Hensley did not
rely upon the representations of her husband at the time of
the settlement of the suit for maintenance. The husband
and wife had been living apart for years. That they were
in hostility the suit for maintenance sufficiently proves. The
transactions for settlement of her claim were conducted
through her agents and his, so there was no chance for per-
sonal influence to be exercised by him upon her. There was
no presumption of confidential relation such as was found to
exist in cases like *Brison* v. *Brison*, 75 Cal. 525, [7 Am. St.
Rep. 189, 17 Pac. 689], and *Brison* v. *Brison*, 90 Cal. 323, [27
Pac. 186]. The parties to the contract were dealing "at

arm's-length." (*Snowball v. Snowball, supra.*) The language used in the decision in *Diamond* v. *Sanderson,* 103 Cal. 97–102, [37 Pac. 189], in which it was contended that a wife declaring on a note given by her husband must overcome a presumption of fraud seems applicable to the facts in this case. "It must appear upon the face of the transaction, or by proof, that there was no consideration, or that the marital confidence was used to take an unfair advantage, or that this confidence was subsequently violated, before the burden is cast upon the plaintiff of sustaining the fairness and the consideration of the transaction against the presumption invoked by appellant." That case emphasizes the fact that the burden of proving fraud was upon the cross-complainant. That the court, in holding that she failed to prove such fraud by clear and convincing testimony, did not abuse judicial discretion we are persuaded.

This disposes, we believe, of all the material contentions made by appellant.

The judgment and order are affirmed.

Wilbur, J., and Lorigan, J., concurred.