[Civ. No. 10945. First Appellate District, Division Two.—January 17, 1940.]

EUGENIE A. LEONARD, Appellant, v. BOARD OF EDUCATION OF THE SAN FRANCISCO UNIFIED SCHOOL DISTRICT et al., Respondents.

Clarence W. Morris and Leonard A. Worthington for Appellant.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving Breyer for Respondents.

STURTEVANT, J.—The plaintiff applied to the trial court for a writ of *mandamus* commanding the defendants to reinstate her as vice-president and dean of women of the San Francisco Junior College and to pay her $416.66, the amount of her compensation for the month of July, 1937. The trial court denied the application. From its judgment the plaintiff has appealed.

The plaintiff contends that she was a probationary employee and that the defendants attempted to discharge her without giving her due notice. The defendants controvert both propositions. The trial court made findings that were very full and complete. They are as follows:

"I. It is true as alleged in paragraph I of the amended petition that the petitioner was regularly employed by the Board of Education of the San Francisco Unified School District and the City and County of San Francisco, State of California as an employee in the position of vice president and dean of women at the San Francisco Junior College, and in such capacity properly and efficiently performed each and every duty required of her.

"It is not true as alleged in paragraph I of the amended petition that she was employed as a probationary employee.

"II. It is true as alleged in paragraph II of the amended petition that the respondents C. Harold Caulfield, Mrs. Edwin R. Sheldon, Philip Lee Bush, Charles A. Derry, Richard E. Doyle, Mrs. Lloyd W. Dinkelspiel and William F. Benedict are the duly appointed, elected, qualified and acting commissioners and members of the Board of Education of the San Francisco Unified School District of the State of California and as such constitute the Board of Education of the San Francisco Unified School District.

"III. It is true as alleged in paragraph III of the amended petition that during all of the times therein mentioned, petitioner has been and now is the holder of legal certificates, towit: Certificate of administration and a general secondary certificate in full force and effect and on file in the office of the Superintendent of Schools in the County of San Francisco by virtue of which petitioner was appointed to the position of vice president and dean of women of the San Francisco Junior College in July, 1935, and has served in said capacity until June 30, 1937; and that during said time said

petitioner was paid a salary of Five Thousand Dollars ($5,-000.00) per year which was the salary approved and established by the Board of Education as being attached to said position.

''It is not true as alleged in paragraph III of the amended petition that the petitioner was employed as a probationary employee.

''IV. It is not true as alleged in paragraph IV of the amended petition that the petitioner served in said capacity until the end of the school term ending June 1937 without having received proper notification of her dismissal or severance from the said position and was thereby automatically re-elected to serve in said capacity for the ensuing term.

''V. It is true as alleged in paragraph V of the amended petition that on or about the eleventh day of June, 1937, the Board of Education notified the petitioner that on and after June 20th, 1937, the position of vice president and dean of women in the Junior College division of the San Francisco Unified School District would be abolished and that her services as said vice president and dean of women' would be discontinued June 30, 1937.

''VI. It is not true as alleged in paragraph VI of the amended petition that prior to the eleventh day of June, 1937, the petitioner had received no notification whatsoever of the discontinuance of her services. It is true that petitioner received no written notification of the discontinuation of her services prior to the eleventh day of June, 1937, but it is true that on or about the third day of May, 1937, that petitioner was notified by the Superintendent of Schools that her services would be discontinued and the position abolished at the conclusion of the school year 1936–1937, and that the petitioner requested the Superintendent of Schools not to have respondents take formal action at said time by giving her a written notice of their intention inasmuch as it would injure said petitioner in procuring another position.

''VII. It is true as alleged in paragraph VII of the amended petition that the petitioner is the real party in interest therein and that she has no plain, speedy or adequate remedy in the ordinary course of law.

''It is not true as alleged in paragraph VII of the amended petition that petitioner is entitled to restoration to her former position at her former salary.

"VIII. It is true as alleged in paragraph VIII of the amended petition that subsequent to the receipt of said notice, petitioner made a demand upon the Board of Education for reinstatement and for a return to her former position but that said request was denied by the Board of Education.

"It is not true as alleged in paragraph VIII of the said petition that petitioner has been deprived of the right and privilege of continuing in her former capacity inasmuch as the said position was properly abolished upon the conclusion of the school year 1936–1937.

"IX. It is not true as alleged in paragraph IX of the amended petition that on August 1, 1937, or at any other date, the petitioner became entitled to the sum of Four Hundred Sixteen and 66/100 Dollars or any other sum on account of salary due her for the month of July, 1937, or for any other period of service.

"It is true as alleged in paragraph IX of the amended petition that demand has been made upon the said respondents for the payment thereof but that said respondents have refused and still refuse to pay the same or any portion thereof to the petitioner herein.

"X. It is true as alleged in respondents' separate, special and affirmative defence that on or about the eighth (8th) day of June, 1937, by resolution of the Board of Education, the position of vice president and dean of women of the San Francisco Junior College was abolished effective June 30, 1937, and that said Board of Education further resolved on said date that the said petitioner be given notice that her services would be discontinued effective June 30, 1937; that said petitioner was notified of said resolution by registered mail on or about the eleventh (11th) day of June, 1937; that said position was abolished on June 30, 1937 and has continued at all times to remain and still is abolished."

The appellant claims she was a probationary employee and as such that she was entitled to the statutory notice before she could be dismissed except for cause. (School Code, sec. 5.681.) The trial court found the facts against her on both claims. The record discloses that she did no classroom work. The defendants assert she had no tenure either under the provisions of the School Code, section 5.502, or under the provisions of section 135 of the charter of San Francisco. (*Unruh* v. *Piedmont High School Dist.*, 4 Cal. App. (2d)

390, 392 [41 Pac. (2d) 212].) The contention is not without merit, but in the view we take of the record it is not necessary to pass on the point.

Assuming solely for the purposes of this case that the plaintiff was a probationary employee, we think her contention that she did not receive a legal notice as required by the provisions of the School Code, section 5.681, is not well founded. In its findings the trial court found the facts against her. The probative facts supporting those findings were not conflicting. Section 5.681 was enacted solely for the benefit of probationary employees. Anyone may waive the advantage of a law intended solely for his benefit. (Civ. Code, sec. 3513.) On May 3, 1937, the plaintiff was informed that her position was to be abolished and that her services would not be required after the end of the school year. She thereupon requested that no notice to that effect be served on her. She clearly waived the service of the written notice mentioned in said statute.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1940. Shenk, J., and Carter, J., voted for a hearing.