[S. F. No. 17399. In Bank. Sept. 1, 1948.]

JOHN PATTON, Appellant, v. WILLIE PATTON, Respondent.

Edmund J. Holl for Appellant.

Fitz-Gerald Ames, Sr., Hugh B. Miller and John H. Lenz for Respondent.

EDMONDS, J.—Willie Patton is defending the suit of her husband for a divorce and is asking for a decree in her favor upon a cross-complaint. At the time of the separation of the parties they entered into a property settlement agreement in which the wife released the husband from "all claims whatsoever" for support or attorney's fees. Upon the hearing of an order to show cause, Mrs. Patton was allowed alimony pendente lite and an additional amount for attorney's fees and costs. By his appeal from that order, the husband challenges the wife's right to such an award upon the ground that it violates the provisions of their contract and a later one executed by them.

The parties married in 1943, and separated 18 months later. At that time, they entered into a property settlement agreement by which, in consideration of $500, the wife released to her husband all interest in specifically described property. The contract also provided: "Husband shall not be liable for support, maintenance, costs or attorney's fees of Wife and in this respect wife releases husband for all claims whatsoever. . . ."

A reconciliation was followed by a brief resumption of marital relations, but in June, 1945, the parties again separated. Another contract was then executed in which they "ratified and confirmed" the prior agreement and the wife accepted $250 "in full settlement of all claims and demands, and of all property rights of the parties."

Six months after the date of this agreement, the wife sued to cancel both contracts upon the grounds of lack of consideration and the alleged fraud of the husband. At that time there was pending an action for divorce commenced by

the husband in which the wife had filed a cross-complaint. The two actions were consolidated and, upon a trial, the court concluded that neither party was entitled to a divorce. As to the contracts, it found that each of them was valid, being based upon a valid consideration and not executed as the result of any fraud of the husband. Mrs. Patton appealed from that portion of the judgment determining the validity of the agreements, but her appeal was dismissed for lack of prosecution and the determination is now final.

In the meantime, the husband commenced the present action and the wife cross-complained, asking for a decree upon a cause of action based upon acts allegedly occurring after the entry of the judgments in the consolidated case but before the appeal was dismissed. Following the filing of an affidavit made by Mrs. Patton in which she asserted that she was without funds necessary for her support and the defense of the action and her husband had possession of specified community property, he was ordered to show cause why he should not be required to pay her a reasonable amount for her maintenance and for counsel fees.

When the matter came on for hearing, Mrs. Patton testified that she was not working and had no money. The husband offered in evidence the two contracts of the parties, and they were received without objection from the wife. The trial judge then stated: ''I don't care anything about these documents, but I will make an order for the support of this woman pending the hearing of the divorce action . . . .: I will make an order for counsel fees and for her support.'' By stipulation of counsel, the judgment roll in each of the prior actions between the parties was then made a part of the record, and the court ordered the husband to pay to Mrs. Patton $100 per month ''as and for alimony for her support and maintenance during the pendency of this action,'' $100 on account of attorney's fees and $10 on account of costs. The appeal is from that order.

The appellant contends that although a court is authorized, in its discretion, to require the payment of alimony pendente lite, attorney's fees and costs, a wife by contract may waive her right to such allowances. Therefore, he argues, it was error to make the award to Mrs. Patton as it violates the provisions of the property settlement agreements which were made in good faith for a valuable consideration. The wife relies upon the applicable statutory provisions and maintains

that the court cannot be deprived of its power by a contract between the parties.

"Property settlement agreements occupy a favored position in the law of this state and are sanctioned by the Civil Code. (*Hill* v. *Hill*, 23 Cal.2d 82, 89 [142 P.2d 417]; *Hensley* v. *Hensley*, 179 Cal. 284, 287 [183 P. 445]; Civil Code sec. 158, 159) . . . When the parties have finally agreed upon the division of their property, the courts are loath to disturb their agreement except for equitable consideration." (*Adams* v. *Adams*, 29 Cal.2d 621, 624 [177 P.2d 265].)

▪ A waiver is the intentional relinquishment of a known right (*First Nat. Bank* v. *Maxwell*, 123 Cal. 360 [55 P.980, 69 Am.St.Rep. 64]; *Jones* v. *Maria*, 48 Cal.App. 171 [191 P. 943]; 25 Cal.Jur. 926) and anyone may waive the provisions of a law or a contract for his benefit unless such a waiver would be against public policy. (Civ. Code, §§ 3268, 3513; *Chesney* v. *Bryam*, 15 Cal.2d 460 [101 P.2d 1106]; *Leonard* v. *Board of Education*, 36 Cal,App.2d 595 [97 P.2d 1032].)

▪ Section 137 of the Civil Code provides: "When an action for divorce is pending, the court may, in its discretion, require the husband . . . to pay as alimony any money necessary to enable the wife . . . to support herself . . . or to prosecute or defend the action. . . ." But to obtain such an order, there must be a showing of necessity or the award is improper. (*Kellett* v. *Kellett*, 2 Cal.2d 45 [39 P.2d 203]; *White* v. *White*, 86 Cal. 212 [24 P.1030]; *Sharon* v. *Sharon*, 75 Cal. 1 [16 P. 345]; *Falk* v. *Falk*, 48 Cal.App.2d 780 [120 P.2d 724].) The purpose of the statute was to protect an impoverished wife by requiring her husband, if he is able to do so, to provide money for her support and the fees of counsel to preserve her rights in the event that she has no means available for that purpose. Accordingly, it has been held that in a divorce action, until the court has either approved or disapproved a property settlement agreement, even though by agreement the wife has waived all rights to alimony, counsel fees, and costs, an award may be made for necessary support and counsel fees pendente lite. (*Locke Paddon* v. *Locke Paddon*, 194 Cal. 73 [227 P. 715]; *Steinmetz* v. *Steinmetz*, 67 Cal.App. 195 [227 P. 713].) ▪ But in the present case, the court was confronted by two contracts admittedly made by the wife, in each of which, for a stated money consideration, she waived her right to alimony and attorney's fees. She made no claim that these agreements were not binding upon her. No objection was made to their introduction in evidence

and she stipulated that the judgment in which the court held that they were executed for a valid consideration and not obtained by any fraud of the husband might also be made a part of the record.

Under these circumstances, as in *Majors* v. *Majors,* 70 Cal.App.2d 619 [161 P.2d 494], the contract "stood in the way . . . of any judgment for plaintiff's support contrary to or inconsistent with its provision, and the court could not properly ignore its existence. If there was no good reason for questioning the validity or fairness of the agreement and for placing that matter in issue, then there was no good reason for refusing to approve it. In order to dispose of the matters of community property and support, the agreement had to be regarded as valid, in which case the judgment should have followed it, or it had to be found invalid and therefore ineffective to influence or control the judgment." The award challenged by Majors was for permanent alimony, but the legislative purpose of section 139 of the Civil Code, which authorizes the court to require a husband to support his wife after they are divorced, has a stronger social purpose than that which underlies the provision for temporary alimony. (*McCaleb* v. *McCaleb,* 177 Cal. 147 [169 P. 1023]; *Millar* v. *Millar,* 175 Cal. 797 [167 P. 394, Ann.Cas. 1918E 184, L.R.A. 1918B 415]; *Simpson* v. *Simpson,* 21 Cal.App. 150 [131 P. 99].)

The Steinmetz and Locke Paddon decisions, *supra,* have not been impliedly overruled by the recent Adams case, *supra,* as is contended. In that decision, this court considered some of the legal consequences which follow the execution of a valid property settlement agreement. The controversy concerned a decree which awarded permanent support contrary to the provisions of the agreement of the parties although the wife "presented no evidence showing that it was unfair nor was any such evidence elicited by the trial court." The wife's complaint in the Locke Paddon litigation charged that a property settlement agreement signed by her had been obtained by the fraud of the husband, and the court upheld an award of temporary alimony and counsel fees pending a trial of the issue in regard to the right to a divorce and the validity of their contract. The decision in the Steinmetz case stands upon the same ground, for by the pleadings in the husband's action for divorce, the wife attacked the agreement she had made as fraudulent and void.

In the present suit, Mrs. Patton did not charge, either by her pleadings nor by the affidavit presented in support of her application for alimony and counsel fees, that the agreements she had made were obtained by any fraud of the husband nor that they were inequitable. She made no objection when they, and the judgment upholding their validity were offered in evidence, and she did not ask the court to allow her to then present proof which would support a determination that she should not be bound by them. Under these circumstances, the trial court abused its discretion in refusing to consider the effect of these agreements as evidence bearing upon the wife's right to support and in making an order for alimony and counsel fees regardless of their validity.

The judgment is reversed.

Gibson, C. J., and Shenk, J., concurred.

CARTER, J.—I concur in the judgment of reversal. It is neither illegal, immoral nor against public policy for a husband and wife to enter into a property settlement agreement wherein they agree upon a division of their property and waive all claims, past, present and future, against each other, including alimony, temporary and permanent, and attorney's fees and costs. Such agreements are sanctioned by both statutory provisions (Civ. Code, §§ 158, 159), and court decisions (*Hill* v. *Hill,* 23 Cal.2d 82 [142 P.2d 417] ; *Hensley* v. *Hensley,* 179 Cal. 284 [183 P. 445]) in this state. When such an agreement has been executed, and either party applies to a court for relief contrary to its provisions, it is the duty of the court, upon demand of the other party, to determine its validity. If the agreement is found to be valid, the parties should be required to comply with its provisions. On an application by a wife for temporary alimony, attorney's fees and costs in an action for divorce or separate maintenance, if the husband submits such an agreement to the court and claims that his obligations to his wife are specified therein, it is the duty of the court to make at least a preliminary determination as to the validity of such agreement in passing on such application. If it should appear to the court that such agreement is valid, it should deny any relief to the wife contrary to its provisions. But if a prima facie showing of invalidity is made, the court may reserve its ruling until the case is tried on the merits and may make an order for relief to the wife pendente lite notwithstanding the agreement. In other words,

the agreement should be considered by the court in passing on such an application. This the court did not do in this case, even though in a prior action it had held the agreement to be valid. Regardless of whether its judgment in the prior action had become final at the time of the hearing on the wife's application, it was the plain duty of the court to consider the agreement as binding upon the parties and deny the wife any relief contrary to its provisions. Unless this is done, an agreement providing for the payment by the husband of temporary alimony, attorney's fees and costs would be just a worthless scrap of paper. Furthermore, such an agreement may have been partially or fully executed and the wife may have received from the husband valuable properties and large sums of money as consideration for its execution. Certainly, these facts should be considered by the trial court in passing on such application.

In the case at bar, the agreement having been determined to be valid in a prior action, the court had no power to make an award contrary to its provisions.

Schauer, J., concurred.

SPENCE, J.—I dissent.

The majority opinion holds that the trial court abused its discretion in making an award of temporary alimony, counsel fees and costs, and therefore reverses the trial court's order. I cannot agree with the reasoning or the result reached in that opinion.

The undisputed facts may be briefly stated. It appears that this is the second divorce action instituted by the plaintiff husband against defendant, and that it was filed before there had been a determination in the first divorce action that he was not entitled to a divorce. The defendant wife filed an answer and cross-complaint, and sought temporary alimony and suit money. It also appears that the wife had brought a prior action to set aside two property settlement agreements which had been signed by the parties. That action was consolidated for trial with the first divorce action and had resulted in a judgment of the trial court upholding the validity of said agreements. The wife promptly appealed, and that appeal was still pending and undetermined when the challenged order herein was made.

In addition to the foregoing facts, which were before the trial court on the hearing, it appeared without conflict that

the wife was then entirely without funds; that she had no property; that she was ill and unable to work; that the husband had an income of approximately $450 or more per month from a cafe and other properties; and that the total sum which the wife had received from the husband under the disputed property settlement agreements was but $750, in consideration of which she had waived all property rights or claims for financial assistance. The husband introduced no evidence except evidence of the property settlement agreements, and evidence concerning the prior action in which the validity of the agreements had been put in issue, and in which action the wife's appeal was still pending. Upon this showing, the trial court made its order awarding to the wife $100 per month as temporary alimony, $100 as counsel fees, and $10 as costs.

It is my opinion, first, that the trial court had the power, at least until the judgment in the prior action had become final, to make an order awarding temporary alimony and attorney's fees and costs; and second, that if the trial court had the power to make any order for temporary alimony and suit money, it did not abuse its discretion in making an order awarding the amounts above mentioned.

When the validity of a property settlement agreement is put in issue in a divorce action, there is no question concerning the power of the trial court to award temporary alimony and suit money in that action, regardless of any provisions of such agreement waiving financial assistance, until such time as the validity of the agreement may be determined. (*Locke Paddon* v. *Locke Paddon,* 194 Cal. 73 [227 P. 715]; *Steinmetz* v. *Steinmetz,* 67 Cal.App. 195 [227 P. 713].) Here the validity of the property settlement agreements had been put in issue in a separate action, but an appeal was pending in that action and the issue raised therein had not been finally determined when the order in question was made. The rationale of the cited cases, however, clearly indicates that the trial court should be held to have had such power until such final determination. It is clear that until the prior judgment became final, the doctrine of *res judicata* was not applicable. (15 Cal.Jur. 121, and cases cited.)

As I read the majority opinion, it does not deny the existence of the power of the trial court but it points out that the wife did not raise the issue of invalidity of the agreements in this divorce action, did not present proof of invalidity at the time of the hearing of her application, and did not object

to the introduction of the evidence of the agreements or of the prior judgment. It therefore concludes that "Under these circumstances, the trial court abused its discretion in refusing to consider the effect of these agreements as evidence bearing upon the wife's right to support and in making an order for alimony and counsel fees regardless of their validity." In other words, abuse of discretion "under the circumstances" is the basis of the majority opinion, rather than lack of power. But I find no circumstances which would warrant the conclusion that the trial court abused its discretion.

It indisputably appears that the wife had attacked and, by appeal, was continuing to attack the validity of those agreements in a separate action brought for that purpose. She was neither required nor should she be permitted in this divorce action to relitigate the same issue. It was therefore not incumbent upon her, or proper for her, to plead or prove in this action such invalidity, which was the sole issue in the separate action. She did properly show, however, that she had attacked the agreements in the separate action, and that an appeal was pending therein, and this was a sufficient showing to require the trial court to hear her application and to exercise its discretion in determining whether, in view of all the circumstances, it should be granted, and, if so, in what amount. Among those circumstances, of course, was the fact of the existence of said agreements and the fact of the pendency of the separate action challenging their validity. No significance can therefore be attached to the wife's failure to object to the introduction of evidence concerning the existence of said agreements or concerning the pendency of the other action. Such evidence was material in order to apprize the court of the entire situation, and any objection to the introduction of such evidence would have been properly overruled. Furthermore, it is not correct to say, as does the majority opinion, that "She made no claim that these agreements were not binding upon her." If this were true, the reliance by the majority opinion on the case of *Majors. v. Majors,* 70 Cal.App.2d 619 [161 P.2d 494], might be justified. That case arose upon an appeal from a judgment on the merits on all issues, including an award of *permanent* support, in a case where the plaintiff wife had sought approval of the property settlement agreement and had testified that she was satisfied with it. But here it appeared that the wife was wholly dissatisfied and had brought a separate action, which was still pending and not finally determined, claiming

that the agreements should be set aside because of fraud and of failure of consideration. It is difficult to see how the wife could have more effectively "made [the] claim that these agreements were not binding upon her." If it is the theory of the majority opinion or concurring opinion that the issue of invalidity of a property settlement agreement must be not only raised but also proved upon an application for temporary alimony, such view appears unsound and it is contrary to the views expressed in *Locke Paddon* v. *Locke Paddon, supra,* 194 Cal. 73, 81.

Appellant stated in his petition for hearing herein that "there is squarely presented the question as to whether the Superior Court in the divorce action possessed the power" to award temporary alimony and suit money in view of the agreements of the parties and the judgment of the superior court in the other action which was then on appeal. The majority opinion, however, appears to treat the case as one involving the question of abuse of discretion in the exercise of a conceded power, such abuse consisting of "refusing to consider the effect of these agreements as evidence bearing upon the wife's right to support and in making an order for alimony and counsel fees regardless of their validity." Such alleged refusal is based upon the following circumstance: after hearing the undisputed evidence of the wife's physical and financial distress, of the two property settlement agreements under which the wife had previously received but $750 in consideration of her waiver of all property rights and rights to financial assistance, of the two prior actions between the parties and the pendency of the appeal in the action involving the validity of the agreements, the trial judge said: "I don't care anything about these documents, but I will make an order for the support of this woman pending the hearing of the divorce action." Such remark may reasonably be construed to mean that the trial court, after considering all the evidence, did not feel bound by the terms of said agreements but, on the contrary, did feel that, despite the existence of such agreements, it should exercise its discretion and make some award to permit the wife to defend this second divorce action instituted against her by the husband. The record does not bear out the statement that the trial court either refused or failed to consider any of the evidence before it, and to attempt to use the above mentioned remark as the basis for indicating that it did furnishes frail ground for the reversal of what appears to me to be a wholly reasonable order for temporary support

and suit money made by the trial court within its power and in the exercise of a sound discretion under the circumstances.

It is stated in the majority opinion that the wife's appeal in the other action "was dismissed for lack of prosecution and the determination is now final." That fact, if it be a fact, does not appear from the record herein. In the husband's petition for hearing in this court, it is stated: "The wife has appealed from that judgment and that appeal is now pending." But in any event, the propriety of the trial court's order must be determined in view of the circumstances existing at the time of its entry, and it is conceded that the wife's appeal in the other action was then pending and that it remained undetermined for some time thereafter.

I am of the view that the order should be affirmed.

Traynor, J., concurred.