JENNIE F. ALDERSON, Appellee, v. JAMES ALDERSON, Appellant.

**Decree for Alimony:** REVISION: JURISDICTION. A decree of a foreign court, granting the plaintiff a divorce and alimony, provided that the defendant should pay the plaintiff a certain sum per month up to a date named, and after that such sum as would comfortably support the plaintiff. The latter having brought this action for the collection of certain of the stipulated payments which were delinquent, together with a sum alleged to be necessary for her comfortable support, and to foreclose a mortgage upon lands in this state given to secure the performance of the same, *held*, that the foreign court alone had jurisdiction to so revise the decree for alimony as to determine the amount to which the plaintiff was entitled for her support after the date for payment of the sums stipulated in the decree.

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FRIDAY, DECEMBER 18, 1891.

ACTION to foreclose a mortgage given to secure the payment of alimony according to the terms of a certain bond and decree. The facts necessary to be noticed appear in the opinion. A decree was entered for the plaintiff. The defendant appeals.—*Reversed.*

*Lake & Harmon,* for appellant.

*W. G. & J. B. Donnan,* for appellee.

GIVEN, J.—I. On August 12, 1872, an action was pending in the circuit court of Wisconsin, in and for Grant county, wherein this plaintiff, as plaintiff, asked a decree of divorce and for alimony against this defendant. Upon that day the parties agreed upon terms as to alimony, and the defendant executed his bond to the plaintiff, expressing said terms, and also his mortgage on certain real estate in Buchanan county,

Iowa, to secure the performance of said bond. The bond and mortgage were to take effect and be delivered to the plaintiff if said circuit court granted a divorce, and approved the terms as to alimony. September 10, 1872, said court granted a decree of divorce, approved the terms of the bond as to alimony, and ordered that the bond and mortgage be delivered to this plaintiff. The bond contains the following: "The said James Alderson is to pay to the said Jennie Alderson the sum of thirty dollars per month on the first day of each month, beginning with the first day of the month of August, 1872, and shall continue this monthly payment to her until her youngest child, Mattie Alderson, who was born on March 22, 1870, shall arrive at the age of eighteen years,—that is, until the twenty-second day of March, 1888; and from the last date thenceforth he is to pay to said Jennie Alderson such monthly sum as shall be sufficient to comfortably support her." The plaintiff alleges as follows: "That defendant has made default in the payments provided for in said bond since about the first day of October, 1887; that such payments were fixed at thirty dollars per month until the twenty-second day of March, 1888, and after that at such sum as shall be sufficient to comfortably support the plaintiff; and alleges that thirty dollars is a reasonable allowance for such support. Wherefore the plaintiff asks judgment for nine hundred dollars, interest and costs, and an attorney's fee, as provided in the mortgage."

It is not questioned but that the district court of Iowa in and for Buchanan county has jurisdiction to enforce the decree of the circuit court of Wisconsin against the real estate in that county pledged as security for payments. It is claimed—and correctly, we think—that the district court of Buchanan county has no jurisdiction to hear and determine the issue as to the amount that "shall be sufficient to comfortably support the plaintiff" since her child became of age,

March 22, 1888. The court of Wisconsin had jurisdiction of the persons and of the subject-matter of alimony, as well as of divorce. Under the provisions of section 2369 of the statutes of that state, as pleaded and proven, that court had jurisdiction at any time, upon the petition of either party, and on notice, to "revise and alter such judgment, respecting the amount of such alimony or allowance, and the payment thereof," except when a final division shall have been made. There was not only no final division made by the Wisconsin court, but the question of the amount to be paid to the plaintiff after March 22, 1888, was left open, and reserved for future consideration and determination. The appellee shows by an amended abstract that this action was commenced in the Buchanan district court in August, 1886, to recover one hundred and fifty dollars then due on the bond, and for foreclosure; that judgment for one hundred and twenty dollars and decree of foreclosure were entered on default, and the judgment paid; and that subsequently the supplemental petition, upon which the appellee is now claiming, was filed, and notice given. This does not affect the question of the jurisdiction of the Wisconsin court. In the first application the plaintiff only asked an enforcement of the decree as to the thirty dollars per month. In this she asks a determination of the amount to which she is entitled from March 22, 1888; the jurisdiction to determine which is clearly in the circuit court of Grant county, Wisconsin.

The appellant shows that upon this petition and notice to the plaintiff, and upon an appearance by both DECREE for parties, the circuit court of Grant county, alimony: Wisconsin, did, on October 30, 1888, revision: jurisdiction. enter a further decree in the action brought in that court in respect to the alimony to be paid to the plaintiff from and after March 22, 1888. This decree makes a final division of the property and order as to alimony. While we do not think

this action by the defendant conferred jurisdiction, we are in no doubt but that the Wisconsin court did have exclusive jurisdiction over the persons and subject-matter, and might rightfully enter the supplemental decree that it did.   The evidence fails to show that anything is due to the plaintiff on the payments to be made prior to March 22, 1888.   The district court of Buchanan county failed to find anything due on that account. The case, therefore, is exclusively as to what the plaintiff is entitled to from and after March 22, 1888.   It follows from the conclusions we have reached that the circuit court of Grant county, Wisconsin, has jurisdiction of that question, and that the plaintiff's supplemental petition should be dismissed.

II. Each party moves to tax the costs of certain printing to the other.   The record fails to show sufficient reasons for sustaining either.

The conclusion we have expressed fully disposes of the case, and renders it unnecessary that we notice other questions discussed.   REVERSED.