[No. 3104. Decided March 31, 1899.]

JOSEPHINE A. ADAMS, *Appellant,* v. H. S. ABBOTT, *Appellant.*

DIVORCE—ACTION FOR ALIMONY AFTER DECREE.

Where in an action for divorce the court has jurisdiction over the status of the plaintiff only, the defendant not having been personally served and not having submitted to the jurisdiction of the court, the wife may, subsequent to divorce, obtain from the court of the domicile of the husband further relief as to the property and alimony.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*McClure & McClure,* for appellant Adams:

The rule is that in cases where the court acquires jurisdiction over the status of the plaintiff only, defendant not having been personally served with process or submitted to the jurisdiction of the court, the wife may afterward obtain from the court of the domicile of the husband a decree for alimony. *Cox v. Cox,* 19 Ohio St. 502 (2 Am. Rep. 415); *Rogers v. Rogers,* 15 B. Mon. 375; *Cook v. Cook,* 14 N. W. 33 (43 Am. Rep. 706); *Harding v. Alden,* 9 Greenl. 140 (23 Am. Dec. 549); *Anderson v. Anderson,* 55 Mo. App. 268; *Dillon v. Starin,* 63 N. W. 12; *Woods v. Waddle,* 8 N. E. 297; Stewart, Marriage & Divorce, § 370; 2 Bishop, Marriage & Divorce, § 381.

*Ballinger, Ronald & Battle,* for appellant Abbott:

Plaintiff bases her action on § 5723, Bal. Code. This section has no force or effect after a divorce. If this was community property, she was entitled to one-half thereof, and was a joint tenant with her former husband, and partition, not this action, is her remedy. *Barrett v. Failing,*

111 U. S. 529 (28 L. ed. 505); *DeGodey v. Godey,* 39 Cal.
157; *Whetstone v. Coffey,* 48 Tex. 269. Neither alimony
nor any rights whatever can be recovered in this action.
*Roe v. Roe,* 35 Pac. 808 (39 Am. St. Rep. 367); *Crabill
v. Crabill,* 30 Pac. 320; *Wilde v. Wilde,* 36 Iowa, 319;
*Howell v. Howell,* 37 Pac. 771 (43 Am. St. Rep. 70);
*Wilson v. Wilson,* 49 Iowa, 545; *Hilbish v. Hattle,* 44
N. E. 23 (33 L. R. A. 733); *Fischli v. Fischli,* 12 Am.
Dec. 256; *Downey v. Downey,* 13 South. 413 (21 L. R. A.
677); *Anderson v. Cullen,* 8 N. Y. Supp. 644; Stewart,
Marriage & Divorce, §§ 365-370.

The opinion of the court was delivered by

Reavis, J.—The plaintiff and defendant were married
in June, 1878. They lived in Washington, D. C., until
about July, 1882, and then moved to Kansas. In 1886
they moved from Kansas to Cheyenne, Wyoming, and in
1888 moved to the territory of Washington. In Novem-
ber, 1892, they went to California, and in June, 1895, re-
turned to Cheyenne. In September, 1895, defendant de-
serted plaintiff in Cheyenne and returned to Washington,
D. C., where he resided until September, 1896. After
defendant deserted plaintiff, he refused to provide for
her, with the intention of giving her cause for divorce. In
June, 1896, while plaintiff was a resident of Wyoming
and defendant a resident of Washington, D. C., plaintiff
commenced an action for divorce in a Wyoming court, and,
in November, 1896, a decree of divorce was rendered,
upon constructive service made by publication pursuant
to the laws of Wyoming. Plaintiff, in her petition for
divorce, set forth the property acquired after marriage
and her separate property, and asked for an allowance for
alimony and for general relief. Defendant did not appear
in the action, though having actual notice of the proceed-
ings, and the court granted only the prayer for divorce.

Plaintiff, when abandoned in Wyoming, had no means of her own. Defendant has an income of $30 per month from a pension, and also some rents received from property in the city of Seattle. Defendant has for some time been a resident of this state. Plaintiff and defendant have real property situated in this state. This suit was instituted by plaintiff to have the real property situated in this state adjudged to her, and also an allowance for alimony and for attorney's fees.

The superior court, after substantially finding the above facts, found that the defendant abandoned and deserted plaintiff and neglected to provide for her the common necessaries of life, and that such neglect was not the result of poverty on the part of the defendant which he could not have avoided by ordinary industry; that defendant was in fault and left plaintiff penniless and in a destitute condition, to be supported and maintained by her relatives; that the real property (describing it) in the state of Washington, was acquired while plaintiff and defendant were residents of this state; that the court was unable to trace the separate property of either plaintiff or defendant in the acquirement of such real property, and therefore that it was community property. The court also concluded, considering the respective merits of the plaintiff and defendant, and the condition in which they were left by the decree of divorce granted to plaintiff by the district court of the state of Wyoming, to make a proper and equitable division of the property, which is decreed. The court did not allow the attorney's fees or any alimony or maintenance.

Upon an examination of the evidence in the record, we are not disposed to disturb the findings of fact or the conclusions of the superior court. The question of importance discussed here is whether the plaintiff can maintain this action. It is apparent that the district court of Wyoming

only had jurisdiction to decree a divorce, and there was no adjudication of the property rights of the plaintiff and defendant in the case before that court. The disposition of the property between plaintiff and defendant in this state must depend upon the law here. It is true, as stated by counsel for defendant, that a decree of divorce between the parties here puts the property matters at rest, as determined in *King v. Miller*, 10 Wash. 274 (38 Pac. 1020); but in that case the property rights were in issue, and the court had jurisdiction to determine the same. The parties and the subject matter of the litigation were before the court. In the decree made by the Wyoming court, neither the defendant nor the property was within the jurisdiction of the court. The Wyoming court had jurisdiction over the status of the plaintiff only, the defendant not being personally served with process and not having submitted to the jurisdiction of the court; and it seems that in such cases the wife may afterward obtain from the court of the domicile of the husband further relief as to the property and alimony. 1 Am. & Eng. Enc. Law, 468, and cases cited.

It is also observed in 1 Enc. Pl. & Pr., p. 415:

" So also, in general, it may be said that if the divorce is *ex parte,* a decree for alimony may be subsequently rendered on the wife's application to the courts of her husband's jurisdiction, or those of her own, if he can be found there and personally served."

See, also, *Cook v. Cook,* 56 Wis. 195 (43 Am. Rep. 706, 14 N. W. 33.)

It is true, a decree for the disposition of the property of the parties, upon the dissolution of the marriage, such as shall appear just and equitable, and having regard to the respective merits of the parties and to the condition in which they will be left, provided for in § 5723, Bal Code, is incidental to divorce; but it is not identical with it, or a

necessary part of it, and there should be sufficient reason shown why such disposition of the property was not made pending the action when the divorce was granted./ The cause for such disposition of the property of married persons, and the authority of the court to make such decree upon the respective property rights, arise from the divorce,—the dissolution of the marriage status,—and we think it was appropriately done here, and that the court had jurisdiction to try the cause.

Its judgment is therefore affirmed.

GORDON, C. J., and DUNBAR and ANDERS, JJ., concur.