# HUTTON v. DODGE.

No. 3541.   Decided April 2, 1921.   Rehearing Denied May 20, 1921.
(198 Pac. 165.)

1. DIVORCE—AGAINST ABSENT DEFENDANT SERVED BY PUBLICATION, JUDGMENT IN PERSONAM FOR ALIMONY IMPROPER. Where service of summons in divorce was made by publication only, the defendant being absent from the state, the court did not acquire jurisdiction of the person of the defendant and was powerless to enter a judgment in personam or any judgment except as to the application for divorce and the disposal of the property within the state and could not decree alimony.

2. JUDGMENT—A JUDGMENT IS RES JUDICATA ONLY WHERE THERE IS JURISDICTION OF SUBJECT-MATTER AND PARTIES. A judgment becomes res judicata only when the court had acquired jurisdiction over the subject-matter and the parties.[1]

3. DIVORCE—JUDGMENT IN ACTION WHERE PERSONAL SERVICE WAS NOT HAD NO BAR TO PLAINTIFF'S OBTAINING ALIMONY IN LATER INDEPENDENT ACTION. Although generally remedy for subsequent relief incident to divorce is by appropriate proceedings in the case in which the divorce was granted, under Rev. St. 1898, § 1212, yet where jurisdiction for a judgment in personam for alimony could not be obtained, defendant being in another state and served by publication, the plaintiff may, in an independent action in which defendant is personally served, sue for a judgment in personam for alimony.

4. DIVORCE—IN SEPARATE ACTION FOR ALIMONY AFTER DIVORCE UPON SUBSTITUTED SERVICE, DEFENDANT MAY CONTEST THE MERITS OF THE DIVORCE. Where divorce was obtained from defendant husband served by publication while he was in another state, in the wife's later action for alimony he would have the right to contest the merits of the divorce itself, not for the purpose of setting it aside, but to defeat the alimony.

5. APPEAL AND ERROR—ALTHOUGH A MATTER BE NOT RAISED BY ANY ASSIGNMENT OF ERROR, WHERE THE RECORD SUGGESTS IT THE COURT MAY DECIDE IT. Although a question may not be raised by an assignment of error, nevertheless, where the record suggests the question to the mind of the court, it may make a ruling thereon.

---

[1] Karren v. Karren, 25 Utah, 87, 69 Pac. 465, 60 L. R. A. 294, 95 Am. St. Rep. 815; Cody v. Cody, 47 Utah, 564, 154 Pac. 952.

Appeal from District Court, Second District, Weber County; *A. E. Pratt*, Judge.

Action by Gertrude S. Hutton against Frank A. Dodge for alimony and other equitable relief after divorce decreed in another action. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*George Halverson*, of Ogden, for appellant.

*Stuart P. Dobbs*, of Ogden, for respondent.

THURMAN, J.

Plaintiff procured a divorce from defendant by a decree of the district court of Weber county August 12, 1919. In addition to the divorce, the decree also awarded certain personal property consisting of household furniture, liberty bonds, and war savings stamps which were at that time in plaintiff's possession. Service of summons was made by publication, the defendant being absent from the state. For that reason the court found as a conclusion of law that no alimony could be awarded to plaintiff, but that the decree should be subject to modification, as to alimony, at any time upon notice of motion by plaintiff served upon defendant within the state. It appears that motion was subsequently made by plaintiff in the same case for an allowance of alimony, and notice thereof served upon defendant within the state, as suggested in the decree. Defendant appeared specially and objected to the jurisdiction of the court. The objection was sustained.

This is an independent action on the part of plaintiff for alimony and other equitable relief.

In addition to the facts above stated, plaintiff alleges in her complaint that defendant is an able-bodied man employed in the railway service at an average salary of $175 per month; that plaintiff has no property or other means of sup-

port except household furniture, clothing, and about $400 in war saving stamps and liberty bonds; that she is not able to earn sufficient money to provide herself with the common necessaries of life; that $75 per month would be a reasonable sum for alimony; that during the married life of plaintiff and defendant debts were incurred which were not paid by defendant amounting to $440; that plaintiff has been able to pay about $400 of said indebtedness, leaving unpaid the sum of $40. Plaintiff prays for alimony and other relief.

The answer of defendant admits the allegations of the complaint, except those relating to the plaintiff's financial condition, the necessity for alimony, the reasonableness of the amount claimed, and the alleged indebtedness and plaintiff's payment thereof. As to these allegations defendant denies the same for want of information sufficient to form a belief. Further answering, the defendant alleges that the court has no power over, or jurisdiction to try or determine, any of the matters or things alleged in the complaint. The same answer, in substance, is made to each separate paragraph of the complaint.

At the trial of the case the defendant objected to the admission of any evidence on the part of plaintiff on the alleged ground that the court was without jurisdiction and that the complaint does not state facts sufficient to constitute a cause of action. The objection was overruled.

The court found the issues in favor of the plaintiff, and awarded her the sum of $50 per month as alimony until the further order of the court. Defendant appeals from the judgment and relies upon his assignment of error that the court was without jurisdiction to hear and determine the case.

There is but one question submitted for our determination: Did the trial court have jurisdiction to try the case and render judgment?

As heretofore stated, service of summons in the divorce proceedings was made by publication only. The defendant was absent from the state when service was made. In such case the court did not acquire jurisdiction of the person of

the defendant and therefore was powerless to enter
judgment in personam, or any judgment whatever,
except as to the application for divorce and the dis-
posal of such property as was within the state. This is ele-
mentary doctrine and is not controverted by respondent.
The trial court, in recognition of the doctrine, did not at-
tempt to exercise jurisdiction except as to the matter of di-
vorce and property within the state. This it awarded to
plaintiff and signified its opinion that she was entitled to
alimony, but that the court was powerless to award it because
the defendant had not been personally served with summons.
The decree, however, expressly provided for modification in
respect to alimony on motion of plaintiff whenever personal
service of such motion with in the state could be made upon
defendant. Such motion and service thereof was afterwards
made as suggested in the decree. To this motion the defend-
ant appeared specially and objected to the jurisdiction of
the court. The objection was sustained.

It is manifest upon the most casual consideration of the
question that if the court never acquired jurisdiction of the
person of the defendant because personal service of summons
was not made within the state, it could not afterwards ac-
quire jurisdiction of the person of defendant by mere service
of motion. In our judgment, the court could not have ruled
otherwise than it did on the question of jurisdiction. The
ruling, however, had the effect of turning the plaintiff out of
court and left her without a remedy, unless she is entitled to
bring an independent action. Whether or not she is' so en-
titled is the crux of the controversy presented for our deter-
mination.

Appellant contends that the power of the court was ex-
hausted when it awarded plaintiff a divorce and some prop-
erty, and that the judgment of the court on the motion for
alimony was likewise res adjudicata. Counsel for appellant
cites the case of *Karren* v. *Karren*, 25 Utah, 87, 69 Pac. 465,
60 L. R. A. 294, 95 Am. St. Rep. 815. In that case the hus-
band had procured a decree of divorce from his wife and had
been awarded the custody of the minor children. Subse-

quently the wife brought an independent action to set aside the decree and to award her alimony, attorney's fee, and custody of the children. The trial court refused to set aside the decree as far as the divorce was concerned, but granted her the custody of the children and also set aside the decree as regards alimony and a division of the property. Appellant's counsel quote the following from the opinion of the court at page 95 of 25 Utah, and at page 467 of 69 Pac. (60 L. R. A. 294, 95 Am. St. Rep. 815):

"Section 1212, Revised Statutes, provides that subsequent changes may be made in a decree of divorce, by the court, in respect to the disposal of the children or the distribution of property. *Such changes must be applied for, and can only be granted, in the action in which the decree of divorce was granted.* We think it is clear, both from the allegations of the complaint and the findings of fact, that the plaintiff is not entitled to any relief in this action." (Italics ours.)

It appears from the italicized portion of the excerpt quoted that the relief, under the statute referred to, can only be obtained by a proceeding in the action in which the divorce was granted. Appellant relies upon this holding of the court as conclusive of the question presented here. Appellant's contention, first and last, develops a situation somewhat anomalous. It is insisted that respondent should be denied relief in the present action because, as held in the *Karren Case,* she can only obtain relief in the action in which the divorce was granted. She has already been denied relief in that action because the court had no power to grant it.

We can readily conceive that in some cases at least such contention as that made by appellant here, if sustained, might lead to palpable injustice. Let us assume, for instance, that in the present case plaintiff was not only entitled to a divorce and such property of defendant as was within the jurisdiction of the court, but to alimony as well. She could not follow her husband into another state and obtain relief for she would first have to establish a residence there before she could sue. She could not obtain a decree for alimony here because she could not make personal service of summons on defendant within this state. In such circumstances,

what remedy would the plaintiff have? If there ever was a case in which litigation by piecemeal was justified because of the inherent difficulty of obtaining relief in one action, it seems to the writer that the case presented is almost a perfect example.

*Karren* v. *Karren,* supra, sheds no light whatever upon the question presented here. In that case personal service of summons in the divorce proceedings was made upon the defendant within the state. Complete jurisdiction was obtained for all purposes, and the court might well hold, as it did in that case, that relief as to alimony could only be obtained in the case in which the divorce was granted.

To the same effect as the *Karren Case* appellant cites *Greene* v. *Greene,* 2 Gray (Mass.) 361, 61 Am. Dec. 454, in which the syllabus, in a single paragraph states the doctrine:

"A decree of divorce from the bond of matrimony, although obtained by fraud and false testimony, cannot be set aside *on an original libel, filed at a subsequent term.* (Italics ours.)"

The opinion is by Chief Justice Shaw. At page 364 of the report (2 Gray [61 Am. Dec. 454]), that distinguished jurist says:

"But we think the point here is settled by authority, not specifically in regard to divorce, but generally as to the conclusive effect of a judgment, in a case arising afterwards, on the same matter, between the same parties. We take the rule to be, that a judgment of a court of competent jurisdiction, having jurisdiction of the subject and of the parties, by legal process duly served, where no appeal, writ of error, certiorari, review, or other legal process lies, for revising, affirming or reversing such judgment, or where no such process is commenced, by the party who would avoid the judgment, in the mode or within the time prescribed by law, is conclusive upon the same parties in any other proceeding in law, in equity, or before any other judicial tribunal."

Thus we see the application of the doctrine contended for by appellant is conditioned upon the fact that complete jurisdiction has been obtained both of the subject-matter and of the person of defendant. In such case relief subsequent to divorce can only be obtained in the same action and the doctrine of res adjudicata applies as in other cases. To the same effect is *Parish* v. *Parish,* 9 Ohio St. 534, 75 Am. Dec.

482, in which the syllabus, in almost the same language as in the *Greene Case,* supra, reflects the opinion of the court.

Appellant also calls our attention to the following cases: *Sprague* v. *Sprague,* 73 Minn. 474, 76 N. W. 268, 42 L. R. A. 419, 72 Am. St. Rep. 636; *Alderson* v. *Alderson,* 84 Iowa, 198, 50 N. W. 671; 19 C. J. 246; *In re Popejoy,* note, 77 Am. St. Rep. 240; *De la Montanya* v. *De la Montanya,* 112 Cal. 101, 44 Pac. 345, 32 L. R. A. 82, 53 Am. St. Rep. 165; *Howell* v. *Howell,* 104 Cal. 45, 37 Pac. 770, 43 Am. St. Rep. 70; *Cameron* v. *Cameron,* 31 S. D. 335, 140 N. W. 700, Ann. Cas. 1915D, 1062; *Moross* v. *Moross,* 129 Mich. 27, 87 N. W. 1035; *Spain* v. *Spain,* 177 Iowa, 249, 158 N. W. 529, L. R. A. 1917D, 319, Ann. Cas. 1918E, 1225; *Kamp* v. *Kamp,* 59 N. Y. 212; *Cody* v. *Cody,* 47 Utah, 456, 154 Pac. 952.

It is unnecessary to review these cases in detail. They are clearly distinguishable from the case at bar. They do not in any manner attempt to controvert the fundamental idea that where jurisdiction has not been obtained there is no basis for the plea of res adjudicata. As suggested by Chief Justice Shaw, in the excerpt hereinbefore quoted, a judgment becomes res adjudicata only when the court has acquired jurisdiction over the subject-matter and the parties.

It would be a travesty upon justice and a sad commentary on the power of judicial tribunals generally if the courts were powerless to grant relief in a case of this kind where jurisdiction of the defendant is afterwards seasonably obtained and the rights of third parties have not intervened. We have no fault whatever to find with cases which hold that where full and complete jurisdiction has been obtained over the subject-matter and the parties, judgments rendered in divorce cases as well as others are res adjudicata as to every question that might have been litigated under the issues made. In such cases the only remedy for subsequent relief incident to the divorce seems to be by appropriate proceedings in the case in which the divorce was granted. Not so, however, where jurisdiction of the person was not obtained. The distinction is clearly defined in two Ohio cases reported

in the Ohio State Reports. In *Woods* v. *Waddle*, 44 Ohio St. 449, 8 N. E. 297, the syllabus reads:

"A. and P. were married in West Virginia at their domicile, where A. retained his domicile, but P. went to Tennessee, where, in ex parte proceedings, she obtained a divorce a vinculo from A., but, as there was no personal service on A., her application for alimony was dismissed without prejudice and to enable her to sue for it elsewhere. She then brought suit here for alimony alone, and to reach certain property in Ohio belonging to A.; in which case she obtained service upon A., who also appeared and filed pleadings in the case, and on trial the court found sufficient cause and allowed her alimony. Held, P. had a right thus to bring her action for alimony alone, and she could have her claim therefor determined, and, if sustained upon trial, the court could allow her reasonable alimony out of the property of A."

From *Weidman* v. *Weidman*, 57 Ohio St. 101, 48 N. E. 506, we quote the syllabus which succinctly states the question to be determined:

"Where a wife obtains a divorce from her husband in this state without a decree for alimony, he being personally served with process, she cannot thereafter maintain a separate action against him for alimony."

It is true that the statute of Ohio provides that the wife may file her petition for alimony alone, but a careful reading of the opinion in the *Weidman Case*, which is very brief, clearly indicates that the case was determined upon broad general principles of equity and justice rather than upon the statute referred to in the case.

In *Adams* v. *Abbott*, 21 Wash. 29, 56 Pac. 931, the syllabus reads:

"2 Ballinger's Ann. Codes & St. § 5723, requiring the court, on dissolving a marriage, to make such decree with respect to the property of the parties as will appear just, does not make such decree a necessary part of the decree of divorce; and, where a decree of divorce obtained by a wife in a foreign state, on constructive service, and without personal jurisdiction of defendant, makes no provision for alimony or with respect to the property of the parties, and the husband thereafter becomes a resident of Washington, the parties having community property there, the wife may maintain an action in such state for alimony and for the adjudication of her property rights."

These cases with others are referred to in note to *In re Popejoy,* 77 Am. St. Rep. at page 241. We quote from the note the following language pertinent to the question under review:

"If the divorce was obtained on personal service against the husband, no reason exists why the wife should not have asked for alimony in the divorce proceedings, and a separate suit will not be allowed. (*Weidman* v. *Weidman,* 57 Ohio St. 101.) But if the divorce was obtained by the wife in another state, no jurisdiction being had over the person of the husband, or over his property, this is deemed a sufficient reason why the wife should be permitted to bring a subsequent action against her husband for alimony alone. (*Adams* v. *Abbott,* 21 Wash. 29.)"

In *Thurston* v. *Thurston,* 58 Minn. 279, 59 N. W. 1017, a Minnesota case, in which the husband commenced an action by constructive service and obtained a judgment for divorce, it was held, in an action for alimony and other relief afterwards instituted by the wife, that the judgment rendered in favor of the husband determined nothing but that the parties were divorced, and being in rem, was neither res adjudicata nor an estoppel as to the question of alimony; and the fact that the marriage relation was dissolved would not defeat her action.

The doctrine enunciated in these cases appears to be so eminently logical and just, it is difficult to conceive how it can be seriously questioned.

Appellant cites and relies on *Cody* v. *Cody,* 47 Utah, 456, 154 Pac. 952. One of the questions involved in that case arose upon a motion by the plaintiff wife, subsequent to a decree of divorce in her favor, for an allowance of alimony; such an allowance having been denied when the divorce was granted. This court affirmed the order of the trial court dismissing the application for alimony on the grounds that the question had been adjudicated upon granting the divorce. In that case the court had jurisdiction of both the subject-matter and the parties, and, as hereinbefore asserted, we have no fault to find with applying the doctrine of res adjudicata in cases of that kind.

In addition to the cases and authorities above cited, re-

spondent's counsel refers us to many cases more or less favorable to respondent's contention. As our judgment is convinced by the reason and logic of the cases already referred to, we have not deemed it necessary to cite the cases that have been called to our attention.

In the opinion of the court, inasmuch as it was impossible for the plaintiff to have her right to alimony adjudicated and determined either at the time the divorce was granted, or subsequently to that action, for the reason that the court was without jurisdiction, she had the right to have the question determined in an independent action, especially as the action in this case appears to have been seasonably commenced and no rights or interests of third parties are in any manner involved.

It would seem to follow as a corollary of the doctrine herein enunciated that in such an action for alimony on the part of a plaintiff, the defendant would have the right in his defense to contest the merits of the divorce itself, not for the purpose of setting it aside, but for the purpose of defeating the alimony for which the action was brought. If the plaintiff has the right to bring an independent action for alimony after a divorce has been granted simply because she never had and could not have her day in court in respect to alimony in the divorce proceedings, the defendant for the same reason should be entitled to his day in court respecting the same matter. It will no doubt be conceded that the right to alimony to a wife is conditioned upon her right to a divorce. Hence the right to defend against the allowance of alimony in an independent action, such as this, necessarily implies the right to question the merits of the divorce, notwithstanding it cannot be vacated and set aside. Although the question was not raised by an assignment of error, there is, nevertheless, matter in the record which suggests the question to the mind of the court. For that reason we feel justified in making the above observations.

For the reasons heretofore stated, the judgment of the trial court is affirmed, at appellant's costs.

CORFMAN, C. J., and WEBER and FRICK, JJ., concur.

GIDEON, J., being disqualified, did not participate in the disposition of this case.