[S. F. No. 15557. In Bank.—September 21, 1936.]

DOROTHY NELSON, Respondent, v. ROBERT NELSON, Appellant.

Jackson & McCredie and Harold E. Haven for Appellant.

Joseph C. Haughey for Respondent.

WASTE, C. J.—Plaintiff procured an interlocutory decree of divorce from the defendant on March 4, 1932, on the ground of extreme cruelty. On January 8, 1934, the defendant, without plaintiff's knowledge, procured the entry of the final decree. In support of his application therefor he filed the usual and necessary affidavit reciting that there had been no condonation or reconciliation subsequent to the entry of the interlocutory decree. Upon her discovery of the entry of the final decree and approximately five months after its entry, the plaintiff filed her petition to have the final decree of divorce set aside on the ground that the parties had become reconciled and had cohabited and lived together as husband and wife in the interim between the entry of the two decrees. After hearing before the court, sitting without a jury, it was found, upon conflicting evidence, that the defendant had "fraudulently and contemptuously concealed from the court the fact that the plaintiff and the defendant had, since the granting of said interlocutory decree . . . become reconciled and had lived and cohabited together as husband and wife", and that the defendant had "resorted to fraud and misrepresentation to secretly secure said final decree of divorce without the knowledge of the plaintiff after a legitimate

reconciliation had been effected between the plaintiff and said defendant''. The court thereupon entered its judgment on October 26, 1934, vacating and setting aside the final decree of divorce and awarding plaintiff costs and counsel fees.

We cannot accept the defendant's contention upon this appeal from the judgment that the evidence fails to disclose a condonation and reconciliation within the meaning of sections 111, 115 and 116 of the Civil Code and the authorities construing and applying the same. It is not our inclination to discuss or attempt to reconcile the many cases wherein the cited sections were involved. Section 116, *supra,* provides, in effect, that condonation is established when there is a knowledge on the part of the condoner of the facts constituting the cause of divorce, when there is a reconciliation and remission of the offense by the injured party, and when there is restoration of the offending party to all marital rights.

The question is primarily one for the trier of the facts. In our opinion the record, though conflicting in many particulars, contains sufficient substantial evidence to support the lower court's finding that there had been condonation and reconciliation within the meaning of the statute. There is evidence tending to show that on at least two occasions, the first apparently having been abortive, the parties had lived and cohabited together as husband and wife for a period of several days with the desire and intent of reconciling their differences and taking up where they had left off with the entry of the interlocutory decree. The court below was, therefore, acting well within its authority in vacating and setting aside the final decree which had been fraudulently procured and its judgment must be affirmed.

While it is regrettable that defendant had remarried in the interim, this fact, standing alone, cannot serve to deprive plaintiff of the relief to which she is entitled. Moreover, this fact was before the court below and was undoubtedly weighed by it in determining the cause. It is unfortunate that one of two apparently innocent persons must suffer by reason of defendant's fraud.

Subsequent to defendant's noticing of the appeal from the judgment vacating the final decree, plaintiff made application to the court below for counsel fees, costs on appeal and temporary support. The defendant presents an

appeal from the order granting the same and urges, in substance, that these awards are not authorized by section 137 of the Civil Code. At the time of the application for and the granting of these awards, the parties retained their status as husband and wife, the final decree had been set aside, and, in our opinion, the cause was "pending" within the meaning of section 137, *supra,* so as to warrant the awards. (*Grannis* v. *Superior Court,* 143 Cal. 630, 632, 633 [77 Pac. 647].) It is well settled, of course, that the interlocutory decree does not sever the marital bonds. ■ The fact that the proceeding to set aside the final decree in the case above cited assumed the form of a motion under section 473 of the Code of Civil Procedure whereas here, though within the six months' period prescribed by that section, relief was sought by way of petition to vacate, is presently immaterial and did not affect or destroy the jurisdiction of the court to make such awards.

■ On January 9, 1935, less than three months after the setting aside of the final decree of divorce, the plaintiff noticed a motion, supported by affidavit, for an order allowing her a reasonable sum as and for medical and hospital expenses incidental to the birth of a child born to her on December 13, 1934, and for the support and maintenance of the child, it being averred that the child was conceived in March, 1934, as a result of relations with the defendant at a time, so plaintiff testified, when she believed that she and the defendant were man and wife because of their prior reconciliation. The defendant appeared specially in opposition thereto and moved to quash the proceeding upon the grounds, generally stated, that the action for divorce had theretofore terminated and the court below was without authority to make such awards, that he was not the father of the child and that the court was without jurisdiction to so determine the parentage of the child.

We have hereinabove pointed out that the trial court in vacating the final decree of divorce found that the parties had theretofore lived and cohabited together as husband and wife and had become reconciled. This being so, the parties, as already stated, retained their status as husband and wife and access having been shown, subdivision 5 of section 1962 of the Code of Civil Procedure comes into operation. It provides that "The issue of a wife cohabiting

with her husband, who is not impotent, is indisputably presumed to be legitimate.'' Apparently defendant does not fall within the excepted class for it appears from plaintiff's testimony that when she informed defendant of her condition he replied that ''it never rains but it pours; she [meaning the purported second wife] is that way too''.

Section 194 of the Civil Code, relied on by the defendant, to the effect that all children born within ten months after the dissolution of a marriage are presumed to be legitimate children of that marriage, is without application here for there never has been a dissolution of the marriage between plaintiff and defendant. As stated above, they still retain the status of husband and wife and the order allowing medical and hospital expense and providing for the support of the child was proper and within the jurisdiction of the court to make.

The judgment and orders appealed from are, and each is, affirmed.

Thompson, J., Seawell, J., Langdon, J., and Shenk, J., concurred.