WICK, APPELLEE, *v.* WICK, APPELLANT.

(Decided February 18, 1938.)

*Messrs. Kelly, Knee & Wick,* for appellee.
*Mr. W. S. Rhotehamel,* for appellant.

GEIGER, J. This case is before this court on notice of appeal upon both "questions of law" and on "questions of law and fact" as defined by Section 12223-1, General Code. The case has been treated by the parties as one on appeal on questions of law.

On March 24, 1937, plaintiff filed a petition alleging that on September 14, 1931, she was granted a divorce from the defendant for his aggression; that the decree was granted upon constructive service only and that the defendant herein was never before the court. For her cause of action plaintiff says that the defendant

was guilty of gross neglect of duty in failing to properly provide for her. She prays that she may be decreed reasonable alimony.

To this petition the defendant, reserving all questions as to the jurisdiction of the court, demurred for the reason that the court had no jurisdiction herein. The court overruled the demurrer and defendant excepted. Thereupon the defendant filed his answer alleging that plaintiff and defendant were formerly legally domiciled in New York and that thereafter plaintiff left and removed to Ohio and there filed her petition praying for divorce from the defendant on the ground of gross neglect of duty; that thereafter service was made on the defendant by publication and that upon hearing, the parties were divorced, the court ordering, "further adjudged and decreed that the marriage contract heretofore existing between the parties hereto be and the same is dissolved and both parties are released therefrom."

The court upon hearing found that the defendant had been personally served in this cause, that the plaintiff was granted a divorce from the defendant in 1931, in the Court of Common Pleas of Montgomery county, for the aggression of the defendant, that the divorce decree was granted upon service by publication, and that the defendant was not personally served with summons. The court found the defendant guilty of gross neglect of duty, and further that the defendant should pay to the plaintiff the sum of $300 in cash and, in addition thereto, the sum of $20 per week until further order of the court; and that that sum should constitute the alimony of the plaintiff.

A motion was filed by the defendant to vacate the order of the court.

In another entry of the same date a motion of the defendant to vacate the order and for a new trial was overruled and the same judgment as above as to payment of alimony was entered.

The question for the determination by this court is whether the fact that Elizabeth Wick, on September 14, 1931, secured a divorce by the consideration of the Court of Common Pleas of Montgomery county on constructive service would preclude her from bringing an action for alimony alone on a petition filed on March 24, 1937, in which cause personal service of summons was made upon the defendant who filed appropriate pleadings.

The controlling statutes are Section 11979 *et seq.*, General Code.

However, no question is raised involving an interpretation of these statutes.

The claim of appellant may be briefly stated as follows:

He insists that the divorce granted in 1931 severed the marital relations and that since that date the parties have not occupied the position of husband and wife; that while only constructive service could be secured and, therefore, no order made as to payment of alimony, yet the wife, in proceeding as she did, chose her own forum and must take the consequence of her action; that she might have brought proceedings in the state of New York and there secured personal service and have had her alimony determined.

In the 1931 action for divorce the court adjudged:

"It is further adjudged and decreed that the marriage contract heretofore existing between the parties hereto be and the same is dissolved and both parties are released therefrom."

Counsel have furnished to the court many authorities and the court has made independent search, but in this decision will not attempt to analyze or reconcile the various decisions and will cite comparatively few of those examined. Decisions in many courts sustain the view advanced by counsel for defendant. For convenience we refer to the case of *Darby* v. *Darby*, 152 Tenn., 287, 277 S. W., 894, 42 A. L. R., 1379. This

case is well considered and supported by many respectable authorities. The cases holding the contrary view may be found in 42 A. L. R., 1385 *et seq.* While there is a diversity of holding in the several states we are only interested in examining the decisions of the Supreme Court of Ohio which seem to be determinative.

*Woods* v. *Waddle,* 44 Ohio St., 449, 8 N. E., 297, involves a case where the parties were married in West Virginia at their then domicile, where the husband remained while the wife went to Tennessee where she obtained a divorce from him. As there was no personal service upon the husband her application for alimony was dismissed without prejudice and to enable her to sue for it elsewhere. She then brought suit in Ohio for alimony alone in which she obtained personal service upon her husband. The court held:

"P. [the wife] had a right thus to bring her action for alimony alone, and she could have her claim therefor determined, and, if sustained upon trial, the court could allow her reasonable alimony out of the property of A."

The court there examined all Ohio cases then extant and many other cases and, after examining the statutes, pointed out that it was not claimed that the wife's right to alimony had been passed on by any court, and the Tennessee court, not having jurisdiction, did not pass upon it and it could not adjudge alimony. The court stated, that so far as it appeared the action in question was the first in which the wife could recover alimony and cited *Cox* v. *Cox,* 19 Ohio St., 502, 2 Am. Rep., 415, and held that the allowance of alimony to the wife, divorced by a Tennessee court without personal service upon her husband, could be made by an Ohio court where personal service had been secured after the divorce.

*Cox* v. *Cox, supra,* involved a situation where a husband deserted his wife in this state, where they were

both domiciled until the time of his desertion. After his desertion the wife filed her petition for divorce and alimony. The husband interposed a decree of divorce obtained by him in another state in a proceeding in which there was no jurisdiction except by constructive service, of which proceeding the wife had no actual notice. It was held by the court:

· "That the domicile of the wife remained unaffected by the desertion of the husband, and that the decree of divorce was no defense to her petition for alimony."

Judge White in his comments on page 512 stated that the question was whether the *ex parte* decree could be made available not merely to effect a dissolution of the marriage but also to defeat the right of the petitioner (the wife) to alimony, which the statute, upon the facts as they existed in regard to the husband's desertion, intended to provide for her. He stated further: "We think the decree ought not to have such effect." In arriving at this conclusion the court makes no distinction between a decree rendered in a foreign state and one rendered in a domestic forum. It is not essential to the allowance of alimony that the marriage relation should subsist up to the time it is allowed and alimony may be decreed notwithstanding a subsisting divorce. The term "wife" may be regarded as used to designate the person and not the actual existing relation, or the petitioner may still be regarded as holding the relation of wife for the purpose of enforcing her claim to alimony.

*Weidman* v. *Weidman*, 57 Ohio St., 101, 48 N. E., 506, holds that when a wife obtains a divorce from her husband in this state without a decree for alimony, the husband being personally served with process, she can not thereafter maintain a separate action against him for alimony. This decision was based upon the fact that at the time of the divorce both parties were residents of Cuyahoga county, and personal service was had upon the husband and the divorce was absolute and

the court had full jurisdiction of the parties and the subject-matter. The court points out that in this respect the case differs from the cases of *Mansfield* v. *McIntyre,* 10 Ohio, 27; *Cox* v. *Cox, supra; Cox* v. *Cox,* 20 Ohio St., 439; and *Woods* v. *Waddle, supra;* that in those cases the proceedings were *ex parte,* without personal service, and that in *Woods* v. *Waddle,* the application for alimony was dismissed without prejudice to enable the wife to recover alimony elsewhere. The court held:

"In cases in which there is no jurisdiction of the person of one of the parties, there can be no adjudication *in personam* of the question of alimony; and therefore in such cases, while the divorce may be valid, the question of alimony remains unadjudicated, and the wife may, under proper circumstances, maintain an action for alimony."

The court further held:

"*And when both parties have their day in court in the divorce proceedings,* and permit the marriage contract to be severed, without at the same time having their property rights growing out of such contract and relation, adjusted, it will be held that they have conclusively waived and withdrawn the consideration of that question from the court, and neither of them can thereafter be heard in aid of an adjudication as to such property, or as to such property rights. In such cases the courts will leave the parties where they have placed themselves." (Italics ours.)

While it is held that where both parties have been in court their rights to alimony are effectively determined in that proceeding, yet the court is always careful to point out that where one party has secured the divorce and service has been by publication, the court therefore having no jurisdiction to pass upon alimony, the alimony rights are subject to further litigation after personal service has been secured. *Barberton*

*Savings Bank Co.* v. *Belford,* 22 C. D., 574, 14 C. C. (N. S.), 24.

A late case, *Stephenson* v. *Stephenson,* 54 Ohio App., 239, 6 N. E. (2d), 1005, decided in the Court of Appeals of Cuyahoga county in 1936 holds:

"Where a wife, in an action for divorce brought in the jurisdiction wherein she is domiciled, obtains service upon the husband by publication only, the right to alimony continues until adjudicated, and the decree of divorce in such proceeding is not a bar to a subsequent action for alimony."

That case was quite similar to the case at bar and the question is well analyzed and supported. While we have cited a number of foreign jurisdictions in which it is held that a divorce obtained by publication bars future action for alimony, we desire to cite a few to the opposite effect: *Parker* v. *Parker,* 211 Mass., 139, 97 N. E., 988; *Hutton* v. *Dodge,* 58 Utah, 228, 198 P., 165; *Toncray* v. *Toncray,* 123 Tenn., 476, 131 S. W., 977, 34 L. R. A. (N. S.), 1106.

We cite the following additional cases that we have examined, some of which do not directly touch the question, but are instructive: *Bates* v. *Bodie,* 245 U. S., 520, 62 L. Ed., 444, 38 S. Ct., 182; *Cooper* v. *Cooper,* 7 Ohio, part 2, 238; *Parish* v. *Parish,* 9 Ohio St., 534, 75 Am. Dec., 482; *Darby* v. *Darby, supra; Spain* v. *Spain,* 177 Iowa, 249, 158 N. W., 529, L. R. A. 1917D, 319; *Howell* v. *Howell,* 104 Cal., 45, 37 P., 770, 43 Am. St. Rep., 70; and *Bay* v. *Bay,* 85 Ohio St., 417, 98 N. E., 109.

We conclude that while the law upon this point has been differently interpreted in well considered cases in sister states, so far as Ohio is concerned the cases support the contention of the appellee, and we are of the opinion that the court below did not err in its judgment allowing alimony to the plaintiff.

*Judgment affirmed and cause remanded.*

BARNES, P. J., and HORNBECK, J., concur.