JOSEPH DE ROBBIO *vs.* MARIA DE ROBBIO.

JUNE 30, 1938.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

FLYNN, C. J.   This petition for a writ of *certiorari,* directed to the superior court, seeks to quash the record of certain proceedings which allegedly have been entered illegally by that court in a divorce case.   Pursuant to the writ and citation, which were issued, the papers and records of the proceedings in that case have been certified to this court, and the respondent Maria De Robbio has entered an appearance through her counsel.

The following facts appearing in the certified papers and records and in this petition are necessary to understand the prayer for relief.   The petitioner Joseph De Robbio brought against his wife, Maria De Robbio, the original divorce petition which was entered in the superior court on October 27, 1936.   That petition was heard on December 28, 1936 and resulted in a decision, awarding to the petitioner a divorce and the custody of two minor children.   An interlocutory decree, in accordance with such decision, was entered on the following day; and, after six months, a final decree of divorce, granting also to the petitioner the custody of the two children, was entered on July 1, 1937.

Some five months later, in December 1937, the respondent Maria De Robbio filed, within the closed divorce case, a motion to set aside the final and interlocutory decree previously entered therein.   This motion was apparently withdrawn and a separate miscellaneous petition was then brought by Maria De Robbio against the petitioner Joseph De Robbio for the purpose of setting aside, on the ground of fraud, the final and interlocutory decrees previously entered in the divorce case.   The miscellaneous petition was later heard and granted and a decree accordingly was entered therein on January 12, 1938, setting aside the interlocutory and final decrees theretofore entered in the original divorce case.   From such decree, entered upon the miscellaneous petition, the respondent therein (petitioner here)

duly filed, on February 9, 1938, his claim and reasons of appeal and his order for a transcript of the evidence.

However, on January 14, 1938, two days after entry of that decree, Maria De Robbio filed, within the original divorce case wherein she was the respondent, a motion in the nature of a motion, *pendente lite,* for custody of the minor children, allowances for the support and maintenance of the respondent and her children, for witness and counsel fees, and for certain household allowances, including the use of furniture. The hearing upon this motion was continued to February 18, 1938, by which time the petitioner's claim and reasons of appeal from the decree, entered in the miscellaneous petition, had been filed and the date for the filing of a transcript had been fixed.

The motion of the respondent for custody and for allowances, *pendente lite,* was heard and granted on February 18, 1938, over the petitioner's objection, and a decree accordingly was entered within the original divorce case. Thereupon the petitioner brought this petition for a writ of *certiorari,* alleging that the superior court had acted illegally and without jurisdiction in hearing and granting the respondent's motion within the closed divorce case for temporary custody and allowances.

The petitioner here contends that the original divorce case was closed, after hearing and decision upon the merits, upon the entry of the final decree therein on July 1, 1937; that his appeal from the decree entered in the miscellaneous petition, brought by Maria De Robbio to vacate the final and interlocutory decrees previously entered in the original divorce case, had the effect of staying all proceedings thereunder until that appeal was finally determined upon its merits by this court; and that, until such final determination, the decrees in the divorce case remained in full force and effect, leaving the superior court without any pending divorce case and without jurisdiction to entertain and grant

the respondent's motion, *pendente lite,* for custody and allowances.

The respondent Maria De Robbio substantially contends, if we understand correctly, that the entry of the decree in the miscellaneous petition, setting aside the final and interlocutory decrees previously entered in the divorce case, automatically reopened the closed divorce case and transformed it into a pending petition; that therefore the superior court had jurisdiction under the statute to grant her motion for custody and allowances, *pendente lite,* as it did; and that the superior court, in addition to its exclusive original jurisdiction over matters of divorce and alimony, also had authority "to make such orders for injunction, . . ., and such other orders as are needful for the protection of the rights of the parties until the appeal shall be heard and determined by the supreme court, subject, however, to be modified or annulled by the order of the supreme court upon motion after the appeal is entered therein." General Laws 1923, chap. 339, sec. 28.

We are of the opinion that, in the circumstances here presented, the entry of the decree in the miscellaneous petition, setting aside the final and interlocutory decrees previously entered in the divorce case, did not automatically transform the closed divorce case into a pending petition for divorce. It is well established that when an aggrieved party takes an appeal from a decree or judgment, in the absence of any proper qualifying order relating thereto, "all proceedings under the decree or judgment appealed from shall be stayed." G. L. 1923, chap. 339, sec. 25. *McAuslan* v. *McAuslan,* 34 R. I. 462 at 478. The petitioner admittedly took all the steps required by this section of the statute in order to claim and perfect his appeal from the decree relied on by the respondent. No order to limit or qualify the effect of such appeal was asked by the respondent or entered by that court. Therefore, until that appeal has been finally

determined by this court, all proceedings thereunder are stayed.

It follows from this that the final and interlocutory decrees entered in the original divorce case were not automatically set aside by the mere entry of the decree appealed from, but that they remain in effect until the appeal is determined. Conceivably the petitioner's appeal might be sustained by this court; and in such an event, the entry meanwhile of temporary orders and decrees in the divorce case as if it were pending, when in law it should have been treated as a closed case, would cause much confusion in the practice and might result in serious harm.

Since the respondent's motion for custody and other allowances was plainly a motion, *pendente lite,* within the original divorce case, which as such was closed and in which the final decree was not modified or set aside, we are of the opinion that the superior court was without jurisdiction to entertain or grant that motion.

But the respondent contends in effect that the jurisdiction of the superior court in matters of divorce and alimony is original and exclusive, and that it also has power in equity to make such orders as are needful to protect the rights of the parties until the appeal shall have been determined. G. L. 1923, chap. 339, sec. 28. Conceding the jurisdiction of the superior court, as urged, and its power, in a proper proceeding, to make necessary orders to protect the rights of parties pending the determination of an appeal from a decree entered in that court, the sufficient answer to the respondent's contention is that no such order was requested by her or entered by the court. Nor was any motion made before us to place any conditions or qualifications upon the appeal pending its determination.

The respondent's motion was deliberately filed within the original divorce case and in all respects was the same as ordinarily is filed in a pending divorce case for temporary custody and other allowances. But, as stated, the original

divorce case, as such, was closed upon the entry of the final decree therein, and thereafter it was not a pending divorce case, at least until the petitioner's appeal from the decree in the miscellaneous petition is heard and determined by this court.

It should be noted that the motion was not confined to or treated as a motion to modify a final decree in respect to the custody of minor children and allowances for their education or support. See *Enos* v. *Enos*, 44 R. I. 450. On the contrary, it was in form and substance filed merely as a motion within a pending divorce case previous to a hearing upon its merits, and it was so treated by counsel and the court.

The respondent seems to rely upon the cases of *Warren* v. *Warren*, 36 R. I. 167 and *Harvey* v. *Harvey*, 45 R. I. 383 as authorities for the filing and granting of a motion, such as she made, at any time after the entry of the final decree. These cases are obviously different from the instant case and do not support the respondent's contention. In the *Warren* case several supplemental petitions were filed in the *pending* case *before* hearing and final decree, and were addressed largely to the equity powers of the court in aid and protection of the wife's right to alimony which was later awarded in the same case. In the *Harvey* case the interlocutory decree to be modified and the motion to modify it were both filed *before* decision on the merits, and the decree modifying the interlocutory decree was entered *before* the final decree in the divorce case.

Under the circumstances, we are of the opinion that the motion of the respondent, seeking temporary custody and allowances for the support and maintenance of herself and minor children and for certain other allowances, which was filed on January 14, 1938, in the superior court within the original divorce case, Joseph De Robbio v. Maria De Robbio, No. 31637, and also the decree entered therein on February 18, 1938, awarding such temporary custody and allowances

**214**

to the respondent, were entered illegally and without or in excess of the jurisdiction of the superior court.

Therefore, the prayer of the petitioner for relief is granted and the proceedings and the record thereof, above referred to, are hereby quashed.

*Frank H. Wildes,* for petitioner.

*Luigi De Pasquale, William G. Troy, Herman D. Ferrara,* for respondent.