[Civ. No. 12691.   Second Appellate District, Division Two.—September 19, 1940.]

EDWARD R. RAUSCH, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Walter H. Young for Petitioner.

J. H. O'Connor, County Counsel, and Douglas DeCoster, Deputy County Counsel, and Caryl Warner for Respondents.

McCOMB, J.—This is an original application for a writ of prohibition to restrain respondent superior court from proceeding with the trial of an action now pending before said respondent, entitled *Royal Building Corporation, a Corporation,* v. *Edward R. Rausch,* No. 451001. Respondents have filed a demurrer to the petition.

The essential facts are:

In 1939 Royal Building Corporation filed an action in the municipal court of the city of Los Angeles naming the petitioner herein as defendant. The prayer of the complaint read as follows:

"WHEREFORE, plaintiff prays judgment against the defendant for $1745.00, together with $350.00 or such other sum as the Court finds to be reasonable, as and for its attorney's fees herein, for its costs and disbursements herein incurred, and for general relief."

February 27, 1940, petitioner filed an answer to the complaint in the municipal court. Thereafter the case was tried in the municipal court. Subsequently plaintiff made a motion to have the case transferred to the superior court on the ground that, since the prayer of the complaint was in excess of $2,000, the municipal court did not have jurisdiction of the action. This motion was granted. ▪ Petitioner herein has made a motion in the superior court for an order remanding the cause to the municipal court for the reason that plaintiff, having submitted instructions at the trial, which took place in the municipal court, stating that the amount of plaintiff's demand was $2,000, has remitted any claim for a sum in excess of this amount and therefore that the municipal court has jurisdiction of the case.

This is the sole question necessary to be determined:

*Will a writ of prohibition issue to prohibit a superior court from trying an action pending before it on the ground that it is in excess of said court's jurisdiction after said superior court has refused on motion to remand the action to the municipal court?*

▪ This question must be answered in the negative, for the reason that the superior court has jurisdiction to determine whether the case pending before it is one within the cognizance of the municipal or superior courts and its determination of such question, whether right or wrong, is not without nor in excess of its jurisdiction. Hence, if the superior court's ruling is erroneous, it involves merely an error to be corrected upon appeal. (*Southern Pac. R. R. Co.* v. *Superior Court*, 63 Cal. 607, 613.)

Under the familiar rule that a writ of prohibition will not issue where the lower tribunal is not proceeding without or in excess of the jurisdiction of such tribunal (sec. 1102,

Code Civ. Proc.), petitioner has failed to present a proper case for the issuance of the writ.

The demurrer to the petition is sustained and the application for a writ of prohibition is denied.

Moore, P. J., and Wood, J., concurred.