[Civ. No. 7302.   Third Dist.   Apr. 26, 1947.]

BLOSSOM O. BERNARD, Respondent, v. THEODORE W. BERNARD, Appellant.

J. J. Henderson for Appellant.

Bradford, Cross & Prior for Respondent.

PEEK, J.—Plaintiff commenced this action in equity to obtain permanent maintenance for herself, support for her minor son, attorney's fees and costs.

The facts as disclosed by the judgment roll, which is the sole record before us, and the briefs of the parties, show that prior to the commencement of this action plaintiff filed her complaint for divorce in San Luis Obispo County. Constructive service was had upon the defendant who at the time was a resident of the State of Arizona. He did not appear in the action and the plaintiff obtained an interlocutory decree of divorce by default. Approximately three months thereafter defendant appeared specially by motion to vacate that portion of the decree wherein the court had awarded to the plaintiff support for herself and their minor son, which motion was granted. The following month plaintiff filed this action, and moved for temporary alimony, support for the child, attorney's fees and costs. Defendant then moved for a change of venue to Sacramento County. Following the transfer of the cause plaintiff renewed her motion, and after a hearing thereon the court made its order granting her the relief sought. It is from this order that the defendant has appealed.

The question presented is whether a wife subsequent to the entry of an interlocutory decree of divorce and prior

to a final decree may maintain an independent action in equity for alimony where no such award was made or could have been made in the interlocutory decree because the court had no jurisdiction, the defendant husband residing out of the state. Further, whether an award of alimony pendente lite in such an action is proper. Although the problem has not been squarely presented to the courts of this state our attention has been directed to numerous dicta and expressions of opinion which appear in the decisions.

Much stress has been laid in argument upon the following cases to support the order of the trial court and respondent's contention that a court of equity has inherent jurisdiction, independent of a suit for divorce or other relief, to grant support or alimony to a wife: *Galland* v. *Galland,* 38 Cal. 265; *Murray* v. *Murray,* 115 Cal. 266 [47 P. 37, 56 Am.St. Rep. 97, 37 L.R.A. 626]; *Livingston* v. *Superior Court,* 117 Cal. 633 [49 P. 836, 38 L.R.A. 175]. We do not question the holdings in these cases but they are not determinative of the problem here. They are authority only for the proposition that a court of equity independent of any statutory authority may enforce the obligation of a husband or wife to support the other spouse.

Appellant in turn relies upon cases holding that where the interlocutory decree is silent as to alimony, or the provision therein made is limited as to time, and the court does not reserve the power, it cannot subsequently modify the decree to grant permanent alimony or alter the limitation imposed, unless upon appeal or relief under Code of Civil Procedure, section 473. (*Bacigalupi* v. *Bacigalupi,* 72 Cal.App. 654 [238 P. 93]; *Puckett* v. *Puckett,* 21 Cal.2d 833 [136 P.2d 1]. See, also, *Gillespie* v. *Andrews,* 78 Cal.App. 595 [248 P. 715]; *Schnerr* v. *Schnerr,* 128 Cal.App. 363 [17 P.2d 749]; *McClure* v. *McClure,* 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257]; *Tolle* v. *Superior Court,* 10 Cal.2d 95 [73 P.2d 607]; *Long* v. *Long,* 17 Cal.2d 409 [110 P.2d 383]; *Gould* v. *Superior Court,* 47 Cal.App. 197 [101 P. 56]; *Abbott* v. *Superior Court,* 69 Cal.App. 660 [232 P. 154].) In all of the cases cited it appears that personal service was had upon the defendant, and the question of alimony was therefore one which could have been litigated in the divorce proceeding. Where the trial court has thus acquired jurisdiction over the person of the defendant, the failure to award alimony is a final determination that the husband shall be permanently free from the obli-

gation to contribute to the support of his former wife and is res judicata. (*McClure* v. *McClure, supra.*) When the judgment becomes final the court cannot in the same proceeding "modify" what never existed. (Cases cited, *supra*, this par.)

In the divorce action brought by this plaintiff the defendant was served by publication and no judgment in personam in the nature of alimony could have been made (*Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565] ; *De La Montanya* v. *De La Montanya*, 112 Cal. 101 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82]), nor could the plaintiff by a subsequent notice of motion in the same action obtain a judgment in personam, or a modification of the decree with respect to matters not contained therein. By what reasoning then can we conclude that the inability of the trial court to award alimony under such conditions operates as a final adjudication against the wife and in favor of the husband that he is forever absolved from the obligation to contribute to her support, when admittedly the question was not and could not have been at issue? Since it was beyond the jurisdiction of the divorce court to award alimony, equally so, jurisdiction was lacking to determine such question as against the wife, and therefore there is no basis for a plea of res judicata. The most that can be said is that the issue has never been litigated.

The factual situation here presented is clearly distinguishable from other cases involving constructive service. This is not an attempt to reopen a final decree or have the court modify such decree as in *Howell* v. *Howell*, 104 Cal. 45 [37 P. 770, 43 Am.St.Rep. 70], nor is it a collateral attack upon an interlocutory decree attempting to set up a right against a third party. (*London G. & A. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460 [184 P. 864].) No claim is made that a separate maintenance decree entered prior to a final decree of divorce is still in effect. (*Cardinale* v. *Cardinale*, 8 Cal.2d 762 [68 P.2d 351].) Nor was this action instituted subsequent to a final decree secured by the husband in another state (*Calhoun* v. *Calhoun*, 70 Cal.App.2d 233 [160 P. 2d 923]), but during the existence of an interlocutory decree obtained in California for an offense of the husband.

We have given considerable thought to the argument that the Legislature in passing section 139 of the Civil Code created a right but intended to limit the remedy for the enforcement of that right to a proceeding in an action for divorce. Although the contention is not without a semblance of merit,

such legislative intent does not clearly appear from a reading of section 139, the wording of which is similar to that of statutes in other jurisdictions which have allowed an independent action for alimony even after a final decree of divorce obtained on constructive service. Illustrative thereof is *Wick* v. *Wick*, 58 Ohio App. 72 [15 N.E.2d 780], where under Ohio General Code (1938), section 11990, it was held that a wife who had obtained a divorce decree against a husband not a resident of the state, service being by publication and the husband not appearing, could subsequently maintain an action for alimony upon obtaining personal service. (See, also, *Searles* v. *Searles*, 140 Minn. 385 [168 N.W. 133] (Minn.Gen. Stats. [1913] § 7128, now Minn.Stats. [1945] § 518.22); *Honaker* v. *Honaker*, 218 Ky. 212 [291 S.W. 42] (Ky.Stats. 1893, c. 205, §§ 26, 27, 28, now Ky.Rev.Stats. [1946] § 403.060); *Toncray* v. *Toncray*, 123 Tenn. 476 [131 S.W. 977, Ann.Cas. 1912C 284, 34 L.R.A.N.S. 1106] (Shannon's Tenn. Code [1910] § 4221); *Hutton* v. *Dodge*, 58 Utah 228 [198 P. 165] (Utah Rev.Stats. [1898] § 1212, now Utah Code, §§ 40-3-5).) In the latter case the court states at page 234 (198 P. at p. 167):

"It would be a travesty upon justice and a sad commentary on the power of judicial tribunals generally if the courts were powerless to grant relief in a case of this kind, where jurisdiction of the defendant is afterwards seasonably obtained and the rights of third parties have not intervened. We have no fault to find with the cases which hold that, where full and complete jurisdiction has been obtained over the subject matter and the parties, judgments rendered in divorce cases as well as others are res judicata as to every question that might have been litigated under the issues made." There is also respectable authority to the contrary. See *Doeksen* v. *Doeksen*, 202 Iowa 489 [210 N.W. 545]; *Darby* v. *Darby*, 152 Tenn. 287 [277 S.W. 894, 42 A.L.R. 1379]; *Eldred* v. *Eldred*, 62 Neb. 613 [87 N.W. 340].

Inasmuch as it was impossible for the plaintiff to have her right to alimony adjudicated at the time the interlocutory decree was granted she is entitled to her day in court, and may determine the question in an independent suit in equity, especially since the action was commenced while the parties were still husband and wife.

■ We now come to the question of the propriety of an award of alimony pendente lite. It is clear that the trial

court in an action for divorce may reserve the questions of alimony and property rights until after an adjudication on the merits of the divorce and determine them separately (*Pereira* v. *Pereira,* 156 Cal. 1 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A.N.S. 880]; *McCaleb* v. *McCaleb,* 177 Cal. 147 [169 P. 1023]; *Elms* v. *Elms,* 4 Cal.2d 681 [52 P.2d 223]), and such questions having been reserved, the entry of a final decree does not terminate an order for alimony pendente lite. (*In re Ambrose,* 72 Cal. 398 [14 P. 33].) The analogy is inescapable that where, as here, an independent suit is seasonably begun prior to the entry of a final decree, such decree if entered does not dispose of the question of support at issue in the separate proceeding. So far as these matters are concerned, the action for divorce is still pending within the meaning of Civil Code, section 137, so as to warrant making an award of alimony pendente lite, attorney's fees and costs. (*In re Ambrose, supra;* see, also, *Grannis* v. *Superior Court,* 143 Cal. 630 [77 P. 647]; *Nelson* v. *Nelson,* 7 Cal.2d 449 [60 P.2d 982].)

Additional reasons are presented in regard to affirming the award for the support of the minor son. Under section 138 of the Civil Code, a court may at any time during the minority of the child compel the father to pay to the mother a sum sufficient to meet the needs of the child, and within the ability of the father to pay. (*Metson* v. *Metson,* 56 Cal. App.2d 328 [132 P.2d 513]; see, also, 9 Cal.Jur. 806, § 146.)

Although the court may completely sever the marital relationship, quite obviously it cannot alter the fact that the mother and father are the parents of their offspring. Therefore, the duty to support as provided in section 139 of the Civil Code exists independently of the marriage status, and is a continuing obligation "during the minority of any of the children of the marriage." (Code Civ. Proc., § 138.) It is unaffected by either the interlocutory or final decree and may be enforced by a proper proceeding. Whatever orders the court may make pursuant thereto such as the one under attack in the present proceeding are in nowise in the nature of a final judgment, and the propriety thereof can be determined only "in the light of the circumstances existing at the time the application is made." (*Rosher* v. *Superior Court,* 9 Cal.2d 556, 559 [71 P.2d 918].) Such an order is not intended to limit the duty of the parent, although it may do so by specific decree of the court, but primarily it is to define the extent of the parent's duty during the lifetime of the order.

■ The argument of appellant on this question appears to be that respondent by alleging that she is without funds and is physically unable to support the son, thereby inferentially has admitted that appellant has not failed to support the boy. But as stated in *Metson* v. *Metson, supra,* at page 331: "Whatever may be the rule in reference to ordinary controversies between litigants as to the necessity of pleading all the facts, this is not an ordinary proceeding. . . ." The only jurisdictional facts that must be alleged are the needs of the child and the ability to pay. Inasmuch as the present complaint admittedly contains such allegations it follows that the trial court had jurisdiction.

The judgment and order are affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 23, 1947. Carter, J., and Schauer, J., voted for a hearing.