[Civ. No. 17464.   Second Dist., Div. Three.   Jan. 16, 1950.]

BRIAN JAMES DAVIS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

N. E. Youngblood for Petitioner.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondent.

WOOD, J.—Proceeding in prohibition. The petition shows that on June 3, 1949, the petitioner herein filed an action for divorce against Bonita Fiedler Davis. On June 9th, the defendant appeared in the action and stipulated that her default be taken and that the action be heard as a default. On June 28th, her default was entered, and on July 22d, an interlocutory judgment of divorce was granted to petitioner and the judgment was entered on that date. The judgment approved a property settlement agreement, dated May 26, 1949, which provided that the parties had settled all their property rights including all claims of either party upon the other for support or maintenance. On September 6th, the defendant Mrs. Davis filed a motion, pursuant to the provisions of section 473 of the Code of Civil Procedure, to set aside her default, the interlocutory judgment, and the property settlement agreement. The motion was made upon the ground that she was pregnant by the petitioner, and she expected to give birth to a child in January or February, 1950; and that she discovered, after the interlocutory judgment had been entered, that she was pregnant. At the time of filing said motion she filed a proposed answer and cross-complaint to petitioner's complaint for divorce and alleged therein that the date of separation was September 12, 1948. On September 19, 1949, her said motion was granted. On September 21, 1949, she filed an amended cross-complaint and alleged that the date of separation was May 27, 1949. The order granting the motion was entered on September 26, 1949, and on that date the petitioner filed a notice of appeal "relating" to said order. On October 17th, defendant Mrs. Davis obtained an order to show

cause, directed against petitioner, "for" attorney's fees, costs, alimony pendente lite, and allowance for child support and "custody." On October 25th, at the time set for the hearing on the order to show cause, the petitioner filed a written special appearance for the purpose of objecting to the court's jurisdiction, and for the purpose of moving for a dismissal of the order to show cause, upon the ground that the relief sought by the order had been waived by the property settlement, and upon the further ground that the trial court was deprived of jurisdiction in the matter pending appeal. The motion to dismiss was denied, and the objection was overruled. The matter was partially heard on said date and was continued to November 10, 1949. On November 2, 1949, the petitioner filed an answer to the amended cross-complaint in which he alleged that he separated from defendant on September 1, 1948.

Respondent herein demurred to the petition for a writ of prohibition upon the ground that it did not state facts sufficient to entitle the petitioner to such writ.

■ Petitioner contends that the trial court does not have jurisdiction in the order to show cause proceeding, for the reason that the appeal by petitioner divested the court of jurisdiction. The trial court had jurisdiction, in the matter of the order to show cause, to make an award for attorney's fees, costs, alimony pendente lite, and support of the child. Section 137 of the Civil Code provides in part: "When an action for divorce is pending, the court may, in its discretion, require the husband . . . to pay as alimony any money necessary to enable the wife . . . to support herself and her children . . . or to prosecute or defend the action." When the order to show cause herein was filed and partially heard the parties were husband and wife and the action was pending within the meaning of said section 137. (See *Nelson* v. *Nelson,* 7 Cal. 2d 449, 453 [60 P.2d 982]; *Armstrong* v. *Armstrong,* 81 Cal. App.2d 322, 325 [183 P.2d 905]; *Bernard* v. *Bernard,* 79 Cal. App.2d 353, 358 [179 P.2d 625].)

■ The "writ of prohibition will not issue where the lower tribunal is not proceeding without or in excess of the jurisdiction of such tribunal." (*Rausch* v. *Superior Court,* 40 Cal.App.2d 707, 708 [105 P.2d 627].)

The demurrer to the petition is sustained, the alternative writ of prohibition is discharged, and the petition for a writ of prohibition is denied.

Shinn, P. J., and Vallée, J., concurred.