HASSELSCHWERT, APPELLEE, *v.* HASSELSCHWERT, APPELLANT.

(No. 187—Decided April 20, 1956.)

*Mr. Karl H. Weaner, Jr.,* for appellee.
*Mr. C. A. Bakle,* for appellant.

MIDDLETON, J. This is an appeal by the defendant on questions of law from a judgment awarding alimony to the plaintiff.

The parties to this action were married in 1924 and separated in 1947. The defendant moved to Illinois and plaintiff remained in Ohio. In August 1948, plaintiff filed an action for divorce in Defiance County and obtained service upon the defendant by publication. The defendant did not appear to contest the action and did not file an answer or a cross-petition. Upon hearing, a decree of divorce was granted plaintiff. No mention was made in the divorce action as to any property owned by either of the parties, and no order concerning the disposition of property rights of the parties was made by the court.

At the time of the separation in 1947, the defendant deeded to the plaintiff her undivided one-half interest in the farm owned by plaintiff and defendant, and transferred to the plaintiff all personal property and bank accounts which had theretofore been jointly owned by the plaintiff and defendant. At the time of the filing of the divorce action by plaintiff, so far as the record reveals, the defendant owned no property, either real or personal, in the state of Ohio.

In 1950, the defendant filed an action against the plaintiff, in Defiance County, in which she asked that the deed executed and delivered to the plaintiff in 1947 be set aside, and for partition of the property.

In the petition, she set forth that at the time of separation from plaintiff she was the owner of an undivided interest in certain chattels and bank accounts, and that part of the chattels were sold by plaintiff, and the bank accounts transfered to plaintiff; and she asked that an accounting by plaintiff be ordered for the property sold and that partition be made of that portion of the property remaining in plaintiff's possession.

In the partition action the defendant herein claimed that the transfer of the real estate and personal property to the plaintiff herein was made without consideration and as the result of threats against her life and that as a result of these threats the defendant did not enter her appearance or file pleadings in the divorce action brought in Ohio.

Upon the hearing of the partition action on appeal to the Court of Appeals, the defendant herein was found to be the owner of the undivided one-half interest in the real estate, the

deed from defendant to plaintiff was set aside, an accounting by plaintiff herein for the rents and profits of the real estate from July 29, 1948, and an accounting of the proceeds received from the sale of chattel property were ordered by the court, and partition was ordered as prayed for.

The present action was filed by the plaintiff in January 1954. In his petition he avers, among other things, that the defendant, before and after their separation, was guilty of gross neglect of duty, extreme cruelty toward the plaintiff and adultery; that on August 24, 1948, he filed his petition for divorce against the defendant, alleging as his grounds gross neglect of duty and extreme cruelty; that defendant was a resident of Illinois at that time and not amenable to personal service of summons in Ohio; and that service of summons was made upon the defendant by publication.

Plaintiff alleges also that upon trial of the divorce action on November 5, 1948, he was granted a divorce from the defendant on the grounds alleged in the petition; that at the time of the filing of the petition for divorce, during the pendency of the action, and at the time the decree of divorce was granted, the defendant did not, to the knowledge of the plaintiff, have or claim to have any right or interest in any property, real or personal, situated in Ohio; and that in 1953, the Court of Appeals decreed that the defendant was the owner, as the beneficiary of a resulting trust, of a one-half interest in the real estate theretofore transferred to plaintiff, and the owner of certain rights, claims and choses in action described in the decree, which property was subject to the jurisdiction of the court.

The prayer of the petition is for alimony and that, pending the action, the defendant be enjoined from selling, encumbering or transferring the property set out in the petition.

The defendant, by way of answer to plaintiff's petition, admits the averments of the petition, the divorce action, her residence in Illinois at the time of the divorce, and that service was obtained upon her in the divorce action by publication. Defendant admits that upon the hearing of the divorce action, the plaintiff was granted a divorce upon the grounds of gross neglect of duty and extreme cruelty. All other averments in the petition are denied in her answer.

By way of further answer, defendant states that at the time the divorce action was instituted the property out of which it is sought to allow alimony was located within Defiance County, Ohio, and could have been brought within the jurisdiction of the court in that cause, and that all matters set forth in plaintiff's petition herein were adjudicated and determined in the divorce action. By further answer, defendant claims that all matters set forth in plaintiff's petition were adjudicated and determined in the action for partition filed by the defendant in 1950, in which action the Court of Appeals awarded her the property out of which the plaintiff now seeks alimony. The answer further recites the manner in which the property owned by the parties prior to the separation was acquired, and the circumstances surrounding the transfer of her interest in the property to the plaintiff at the time of their separation.

Plaintiff's reply denies all the material averments of the defendant's answer.

Upon trial, the court found that the plaintiff was granted a divorce from the defendant by reason of her aggression and that the defendant had been guilty of adultery, and that the facts and circumstances of the case entitled plaintiff to alimony out of the personal property and estate of the defendant. The court awarded to the plaintiff, as and for his alimony:

"All the personal property of the parties, and all rights and claims thereof, adjudged to said Eleanora A. Hasselschwert by the Court of Appeals for Defiance County in case number 163, by entry filed June 8, 1953, to wit: The defendant's one-half of the proceeds of public sale by Raymond M. Hasselschwert of November 17, 1948, with interest thereon from date of said sale; the defendant's one-half of the joint accounts with the State Bank of Defiance and The First Federal Savings and Loan Association, as said accounts stood on July 29, 1948, with interest from July 29, 1948; also the defendant's one-half of the rents and profits accruing from the real estate of the parties herein from July 29, 1948, to the date of this entry."

At the time the divorce action was filed, Sections 11979 to 12003, General Code, dealing with divorce and alimony, were in effect. In 1951, these sections were repealed and replaced by Sections 8003-1 to 8003-23 of the General Code (124 Ohio Laws,

178, 184, 201). These sections are now a part of Chapter 3105, Revised Code.

At the time of the filing of the divorce action, Section 11992, General Code, read:

"When it appears to the court that the husband is the owner of little or no property and the wife is the owner of lands or personal estate, or both, the court may adjudge to the husband such share of her real or personal property, or both, or may decree to him such sum of money out of her estate, payable in gross or by installments, as it deems just, having due regard to all the circumstances of the parties."

Section 11993, General Code, read:

"When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just; or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage, and the value of her real and personal estate at the time of the divorce. Such alimony may be allowed to him in real or personal property, or both, or by decreeing to him such sums of money payable either in gross or by installments, as the court deems equitable."

Section 3105.18, Revised Code, reads:

"The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

Counsel for both parties adopt the assumption that the rights of the parties to alimony are governed by the statutes which were in effect in 1948. However, whether the law as it existed in 1948 or the law in effect at the time the action for alimony was filed applies, the court had jurisdiction to entertain this action.

The evidence in the action at bar is conclusive that, at the

time of the divorce action, the defendant did not own any property, real or personal, in Ohio which could have been brought within the jurisdiction of the court. The defendant not being amenable to personal service and there being no property owned by defendant in Ohio, the court did not have jurisdiction to pass upon the question of alimony. Plaintiff's prior divorce action, therefore, is not *res judicata* of the present action.

The fact that defendant, in an action filed subsequent to the termination of the divorce action, was reinvested with title to the property involved did not change the situation existing at the time of the divorce and did not control or affect the jurisdiction of the court in the divorce suit.

The further claim is urged by defendant that the present action is precluded by reason of the partition case filed by her in 1950, in which action the title to the property involved was restored to her.

The action in 1950, instituted by the defendant, was one for partition and accounting and for a money judgment.

The right of plaintiff to alimony was not and could not be an issue in the partition case, and plaintiff's right to alimony was not and could not have been judicially determined by the court. The rights of the plaintiff in the present action are not, therefore, *res judicata.*

The decree of divorce did not bar a subsequent action for alimony. The right to alimony continues until adjudicated. A long line of authorities support this holding. *Slapp* v. *Slapp,* 143 Ohio St., 105, 54 N. E. (2d), 153.; *Cox* v. *Cox,* 20 Ohio St., 439; *Stephenson* v. *Stephenson,* 54 Ohio App., 239, 6 N. E. (2d), 1005; *Wick* v. *Wick,* 58 Ohio App., 72, 15 N. E. (2d), 780.

It having been determined that the court in the divorce action did not have jurisdiction to adjudicate property rights between the parties, that the right of alimony continues until adjudicated, and that the present action for alimony is not precluded, the only question remaining for determination is whether the judgment of the trial court awarding alimony to the plaintiff is supported by the evidence.

The amount of alimony to be allowed in any given case rests in the sound discretion of the court. The amount awarded is to be determined by the financial and physical condition of the

parties and their needs at the time of the hearing of the action for alimony.

The Supreme Court, in the case of *Cox* v. *Cox, supra* (20 Ohio St., 439), held, in the syllabus, as follows:

"On hearing of a petition for alimony, filed after the husband has procured an ex-parte divorce in another state, it is competent for the wife to show that the husband has received accessions of property by inheritance since the date of the divorce, and for the court to take the same into consideration in estimating the amount of her alimony."

On page 442, the court said:

"We think the court had the right, in the exercise of its discretion, to regard the property of the husband as of the date of the ex-parte divorce, or as of the date of the application for alimony, or both, as under all the circumstances seemed reasonable and just."

The evidence reveals that the plaintiff is in poor health and has been for many years and is unable to work to any great extent; that he is possessed of little personal property out of which to maintain himself; and that he is the owner of an undivided one-half interest in certain real estate, the other one-half interest being owned by the defendant.

The evidence reveals further that the defendant is the owner of claims against the plaintiff in excess of $3,000; that her one-half interest in the real estate owned with the plaintiff has an appraised value of $7,500; that she is the owner by inheritance since the divorce action of bonds in excess of $8,500; and that she is in good health and gainfully employed.

The alimony allowed consists of the personal property and claims awarded to the defendant by the Court of Appeals in the partition case.

The record in the instant case does not show definitely whether any of the property set off to the defendant has been delivered to her, or whether an accounting has been made by plaintiff to her as ordered by the Court of Appeals in its decree, but the assumption can be drawn from the record that no such transfer has been made of property ordered to be transferred, or any accounting made as ordered by the court.

The order for alimony awards the plaintiff only that prop-

erty still in his possession and such sums due from him to the defendant as were included in the decree of the Court of Appeals.

The resulting effect of the trial court's decree is to award to plaintiff as alimony all property, except the real estate, decreed to the defendant by the Court of Appeals in the partition action.

In the awarding of alimony the court exercises a broad discretion, and this court cannot say the evidence in the record does not support or justify the court's order.

*Judgment affirmed.*

QUATMAN, P. J., and YOUNGER, J., concur.