**C. R. TURNER, Plaintiff in Error,**

v.

**Mary Belle TURNER, Defendant in Error.**

No. 37957.

Supreme Court of Oklahoma.

Sept. 30, 1958.

Paul D. Sullivan, K. C. Beauchamp, Jr., Duncan, for plaintiff in error.

Hegel Branch, William Brown, by Hegel Branch, Duncan, for defendant in error.

HALLEY, Justice.

C. R. Turner obtained a divorce from Mary Belle Turner on November 1, 1956. On the 3rd day of December, 1956, Mary Belle Turner filed an application to vacate the decree. On the 26th day of August, 1957, the trial court vacated the decree and C. R. Turner brings this appeal to review the order vacating the decree.

The parties will be referred to as in the trial of the original divorce proceeding.

The record discloses that plaintiff and defendant were married April 9, 1928. Five children were born of this marriage. Four of them are still living. On the 16th day of September, 1956, defendant was in the hospital where she was recovering from

a major operation. Plaintiff visited her and some difficulty about their relationship resulted in defendant going from the hospital to the home of her daughter and from the home of her daughter to her sister in Littlefield, Texas, instead of returning to the home of her husband. She arrived at Littlefield, Texas, about September 25, 1956. While she was in Littlefield plaintiff filed suit for divorce and sent defendant a waiver which she executed on October 19, 1956, and returned to the attorney for the plaintiff. A divorce was obtained as above stated.

Plaintiff first argues there was no competent evidence to support the action of the court in vacating the decree of divorce.

Defendant testified in support of her application that plaintiff obtained a divorce on the execution of the waiver signed by her and paid her $10,000; that he was worth more than $100,000 at the time and that she was in a weakened mental state so that she was confused and did not know the effect of the waiver. The record discloses that plaintiff had inherited most of the property owned by him from his father. The land in Stephens County constitutes 150 acres on which there are producing oil wells and 295 acres of undeveloped land. Plaintiff offered no testimony except the testimony of an attorney in Littlefield, Texas, who was present when the defendant executed the waiver. Plaintiff did not testify.

We think it unnecessary to make a detailed review of all of the evidence which was produced by the defendant. It is readily inferred that at the time she signed the waiver defendant believed she was not entitled to any benefits from the property plaintiff had inherited.

■ The trial court has a wide discretion during the term at which a judgment is rendered in vacating a judgment. Hogan v. Bailey, 27 Okl. 15, 110 P. 890. Where the application is filed within the term the court has the same power after the term as if it were acting within the term. Nichols v. Bonaparte, 171 Okl. 234,

42 P.2d 866; Canada v. Canada, 190 Okl. 203, 121 P.2d 989.

■ Plaintiff also argues it was error to allow a witness to testify as to the value of the land on which there were producing oil wells and the land on which there were no wells. The court was not attempting to divide the property but only to obtain the information necessary to determine the nature of the property owned by plaintiff. Any value fixed thereon was merely incidental to a determination of whether the judgment should be set aside. Assuming, without deciding, that there is merit in the argument that the witness was not qualified to fix the value of the property, the testimony did not harm the plaintiff. Plaintiff did not attempt to fix the value of his property or deny that the value fixed was correct.

■ Finally it is argued the court erred in granting alimony pendente lite. When the court vacated the divorce decree it allowed alimony pendente lite in the sum of $200 per month. Plaintiff asserts that this was error and cites in support thereof De Robbio v. De Robbio, 61 R.I. 208, 200 A. 480, in which the Supreme Court of Rhode Island held where the trial court vacated an interlocutory decree, under the circumstances, it was without jurisdiction to enter an order for alimony pendente lite for the wife where the husband appealed to the Supreme Court from the order setting aside the interlocutory decree. This appears to be contrary to the principle applied by this court in Scott v. Scott, 203 Okl. 60, 218 P.2d 373, where the defendant attacked the validity of the divorce decree on the ground that there was no legal marriage. De Robbio v. De Robbio, supra, is discussed in annotations, 163 A.L.R. at page 1324 and 19 A.L.R.2d at page 716, in exhaustive annotations on the power of the trial court to grant alimony pendente lite.

The trial court has power after vacating a decree of divorce to enter an order for alimony pendente lite. Nelson v. Nelson, 7 Cal.2d 449, 60 P.2d 982; Davis v. Superior Court, 95 Cal.App.2d 586, 213 P.2d

527; De Leshe v. De Leshe, 80 Cal.App.2d 517, 181 P.2d 931. The plaintiff does not argue his inability to make the payments ordered by the trial court but stands upon the technical lack of jurisdiction of the trial court to make the order.

There was no error in granting the alimony pendente lite.

The trial court did not abuse its discretion in vacating the decree of divorce.

Affirmed.